# CASES ARGUED AND DETERMINED

IN

# THE SUPREME COURT,

## JULY TERM, 1856.

~~~~~~~~~~~~~~~~~

### PEOPLE v. BENSON.

On a trial for rape, where the prosecutrix is the only witness, evidence that she had committed acts of lewdness with other men is admissible, as tending to disprove the allegation of force and total absence of assent on her part.

It seems that proof of particular acts of lewdness should be admitted in preference to general reputation, which may be good or bad, either deservedly or undeservedly.

If these particular instances of lewdness are admissible, it is immaterial by whom they are proved, and it is unnecessary to question the prosecutrix as to them; they are introduced not so much to impeach her testimony as to do away with the presumption of the greatest reluctance and resistance on her part.

In such cases, the facts that there was no outcry, though aid was at hand and the prosecutrix knew it; that there was no immediate disclosure; that there was no indication of violence on her person, and that the act was committed at a time and under circumstances calculated to raise a doubt as to the employment of force, are put as strong circumstances of defence, not as conclusive, but as throwing doubt upon the assumption that there was a real absence of assent.

No case of this class of prosecutions should ever go to the jury on the sole testimony of the prosecutrix, unsustained by facts and circumstances corroborating it, without the Court warning them of the danger of a conviction on such testimony.

APPEAL from the Court of Sessions of Sacramento County.

The defendant was indicted for rape upon the person of a girl aged about thirteen years. She was the sole witness for the prosecution. She swore positively to the use of force upon the occasion laid in the indictment, and to the consummation of the act. On cross-examination, she stated that the defendant had been having frequent connection with her for about a year previous to the alleged rape; that she lived in defendant's house, and that he did it whenever he had a chance;

that she never made any outcry, as defendant said he would kill her if she told any one; that on the occasion of the act charged in the indictment, the wife of defendant was in the adjoining room; that the prosecutrix resisted but made no outcry, nor did she tell defendant's wife about it. She also testified that in other respects defendant treated her well, but that defendant's wife treated her badly, and that she (witness) left defendant's house about a week after the alleged rape, because defendant mistreated her and his wife whipped her.

The defendant introduced a number of witnesses who proved that the prosecutrix, after the time defendant first had connection with her, as testified by her, had on many occasions expressed the best feelings for the defendant, of her own accord. Defendant also introduced evidence of the bad character of the prosecutrix for chastity, and offered to prove her having committed lewd acts with other men, to which the prosecution objected on the ground that it was incompetent to prove particular acts of lewdness, but that the evidence must be confined to general reputation; and further, that no foundation had been laid by asking the prosecutrix in regard to those acts. The Court excluded the testimony. The jury found a verdict of guilty. Defendant moved for a new trial, which was denied, and defendant appealed.

*Robinson, Beatty & Botts*, for Appellant.

*Wm. T. Wallace, Attorney General*, for the People.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

On the trial of this cause in the Court below, the defendant offered to prove that the prosecutrix, who was the only witness in the case, had been guilty of certain acts of lewdness with other men.

In this class of cases, when the prosecutrix is the sole witness, and the accused is compelled to rely upon circumstantial evidence for his defence, any fact tending to the inference that there was not the utmost reluctance and resistance, is always received. That there was not an immediate disclosure; that there was no outcry, though aid was at hand and the prosecutrix knew it; that there was no indication of violence to the person; that the act was committed at a time, and under circumstances calculated to raise a doubt as to the employment of force, are put as strong circumstances of defence, not as conclusive, but as throwing doubt upon the assumption, that there was a real absence of assent.

In 3 Greenleaf on Evidence, § 214, the rule is thus laid down : " The character of the prosecutrix for chastity may also be impeached, but this may be done by general evidence of her reputation in that respect, and not by particular instances of her unchastity; nor can she be interrogated as to criminal connection with any other person except as to the previous intercourse with the prisoner himself, nor is such evidence of her previous intercourse admissible."

People v. Benson.

The rule thus laid down by the learned commentator, is doubtless derived from the cases of Rex v. Hodgson, and Rex v. Aspinwall. These, together with other English decisions upon the same subject, have been ably reviewed by Judge Cowen in the case of the People v. Abbot, 19 Wendell, 192, and the rule established, that previous intercourse with other persons may be shown, as tending to disprove the allegation of force, and such evidence would seem to be highly proper, as it must be obvious to all that there would be less probability of resistance upon the part of one already debauched in mind and body, than there would be in the case of a pure and chaste female.

It is contended in this case, that evidence of general reputation is admissible, but not of particular acts, and even if the evidence had been admissible, the questions should have been first put to the prosecutrix. I cannot understand why, upon any sound rule, general reputation should be preferred to particular facts. It is true, that it is said the party comes prepared to prove her general character, and her attention is not directed to the special facts. It appears to me that proof of particular acts of lewdness should be admitted in preference to general reputation, which may be good or bad, either deservedly or undeservedly. Facts tend to make up the sum of reputation, and the cause, and not the result, would be the safer testimony to rely on.

If these facts or instances of lewdness are admitted, then I conceive that it is immaterial by whom they were proved, and that it was not necessary to inquire of the prosecutrix concerning them. They were not introduced so much for the purpose of impeaching her evidence directly, as for the purpose of doing away with the presumption that there was a total absence of assent on her part. But admitting the full force of the rule in Rex v. Hodgson, still we are of the opinion that the circumstances of this case modify the rule. The prosecutrix was young and ignorant; had lived on a farm with the accused in the country, where she had no intercourse with the world; her character was not formed, by reason of her youth and inexperience, and her proclivities could only be ascertained by reference to individual instances of lewdness, and that precocious immodesty which sometimes displays itself in girlhood and marks the character of the woman.

There is no class of prosecutions attended with so much danger, or which afford so ample an opportunity for the free play of malice and private vengeance. In such cases the accused is almost defenceless, and Courts, in view of the facility with which charges of this character may be invented and maintained, have been strict in laying down the rule which should govern the jury in their finding.

From the days of Lord Hale to the present time, no case has ever gone to the jury, upon the sole testimony of the prosecutrix, unsustained by facts and circumstances corroborating it, without the Court warning them of the danger of a conviction on such testimony.

The case before us is supported alone by the evidence of the prosecutrix, a young ignorant girl, thirteen years of age, and is so improbable of itself as to warrant us in the belief that the verdict was

more the result of prejudice or popular excitement, than the calm and dispassionate conclusion upon the facts by twelve men sworn to discharge their duty faithfully. In fact, this is evinced by the opinion of the Court in passing upon the motion for a new trial, in which .the presiding Judge cannot refrain from the expression of grave doubts as to the correctness of the verdict; and we are led to the belief, had it not been for some misapprehension of the rule established by this Court regulating the granting of new trials in the Court below, the verdict would never have been allowed to stand. A conviction upon such evidence would be a blot upon the jurisprudence of the country, and a libel upon jury trials.

Judgment reversed and new trial ordered.