EL PUEBLO *v.* VIDAL.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 14.—Resuelto en Diciembre 5, 1904.

APELACIÓN—VIOLACIÓN—PRUEBAS—NUEVO JUICIO.—Si al considerarse en una apelación, las pruebas practicadas en un juicio, se advirtiere en las declaraciones testificales, aislada y conjuntamente consideradas, contradicciones tan notables que llevaren al ánimo del juzgador dudas racionales de tal naturaleza que no le permitan afirmar, sin temor á equivocarse, que el acusado es culpable del delito que se le imputa, procede ordenar la celebración de un nuevo juicio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sres. Diaz y Texidor.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. HERNANDEZ, emitió la siguiente opinión del Tribunal.

El caso sometido á la decisión de esta Corte Suprema es un recurso de apelación interpuesto por Esteban Vidal Rios contra sentencia de la Corte de Distrito de Ponce, que le condena, en causa por delito de violación, á la pena de 5 años de presidio en el Departamental de la Isla, con trabajos forzados, y al pago de las costas. El apelante fué acusado en 26 de Julio último, por el Fiscal del expresado Distrito, como autor del delito grave de violacion, definido y penado en los artículos 255 número 1o. y 258 del Código Penal, cometido del modo siguiente:

"En una tarde del mes de Abril de 1904, Mercedes Daroca y Velez, niña de 13 años de edad, fué acompañada de Elvira Medina al consultorio médico del acusado, Esteban Vidal Rios, situado en esta Ciudad, Distrito Judicial de Ponce, con el fin de que la recetara, y conduciéndola aquél á un gabinete reservado, la acostó en una cama

yaciendo con ella y gozando de su virginidad. Este hecho es contrario á la ley para tal caso prevista, y á la paz y dignidad del "Pueblo de Puerto Rico."

Esa acusación fué debidamente jurada con fecha del siguiente día 27 de Julio, y en ese propio día, el acusado compareció ante la Corte y negó el cargo, sin que solicitara ser juzgado por jurado; en vista de lo cual se procedió á la celebración del juicio ante el Tribunal de Derecho el que en cinco de Agosto siguiente declaró al Vidal Rios culpable del delito de violación que se le imputaba en la acusación, señalando el día 10 para dictar sentencia. Antes de que la sentencia fuera pronunciada el acusado, por medio de su Letrado, presentó una moción para que se le concediera nuevo juicio, fundándose en los casos 2°., 6°. y 7°. del Artículo 303 de la Ley de Enjuiciamiento Criminal, por haber recibido el Juez nuevas pruebas después de cerrados los debates, consistiendo aquéllas en una afirmación que bajo juramento hizo el Fiscal al practicarse un reconocimiento en el local en donde se decía cometido el delito; por ser el veredicto contrario á derecho y á las pruebas, toda vez que se funda en la declaración de una menor de 14 años, que es parte interesada en el juicio, declaración en sí contradictoria y contradicha, no solo por el acusado, sino también por Elvira Medina, única testigo que se dice presenció los hechos atribuidos por la presunta violada á Vidal Rios; y por haber descubierto éste nuevas pruebas, cuales eran, las declaraciones de testigos que se encontraban en el día de autos en el bufete del Dr. Vidal y cuyas declaraciones aparecían consignadas en acta notarial, de la que no ha venido copia á esta Corte. En el indicado día 10 de Agosto, el Juez, después de oidas las alegaciones de las partes y las pruebas aducidas por el acusado, estimó que no se habian presentado razones suficientes para impedir el pronunciamiento de la sentencia, y condenó á Esteban Vidal Rios á las penas de que ya se deja hecho mérito. Contra esa sentencia y la resolución que tambien envuelve, denegatoria de un nuevo juicio, interpuso el acusado recurso

de apelación, que le fué admitido, sin que presentara pliego de excepciones, habiendo sido remitidas á esta Corte Suprema, las copias prevenidas por la ley. De dichas copias resulta:

1.—Que la presunta ofendida Maria de las Mercedes Daroca y Velez nació el día 1 de Noviembre de 1890.

2.—Que la expresada jóven, al declarar en el acto del juicio, expresó que en el mes de la semana santa de este año fué en dos ocasiones al consultorio del Dr. Vidal, acompañada de la sirvienta Elvira Medina, y en la segunda ocasión, serían las tres y media de la tarde, la introdujo en un cuarto en el que no queria entrar, la mandó acostar en una cama, como así lo hizo, acostándose él también, y. tuvieron ambos unión carnal, no obstante la resistencia que opuso á la violencia de que fué objeto por parte de Vidal, pudiendo dar razón del hecho Elvira Medina que quedó sentada en una silla de la sala que comunica con el cuarto donde se realizó el acto; después del cual se retiró á su casa con la Medina, y al llegar á ella, como observara que tenía los pantalones llenos de sangre, se metió en el baño y ella misma los lavó, rectificando luego, á virtud de repreguntas del abogado del acusado, que lo que lavó en el baño no fueron los pantalones, sino la camisa que llevaba puesta y que estaba manchada de sangre, pues aunque la primera vez que fué á la casa consultorio del Dr. Vidal llevaba pantalones, en la segunda solo usaba camisa.

3.—Que la testigo Elvira Medina, si bien conviene con Mercedes Daroca en que acompañó á ésta, en dos ocasiones, á la casa del Dr. Vidal, con el fin de que la recetara por estar padeciendo de flores blancas, no sabe que á la Mercedes le ocurriera lo que ella afirma, en la habitación del Dr. Vidal, y si antes declaró otra cosa ante el Juez de Paz y ante el Fiscal Sr. Parra, en contra del Dr. Vidal, tales manifestaciones no eran ciertas y obedecia á que el padre de la niña la habia amenazado con matarla si no declaraba en contra de Vidal, al que dijo en el día que la citaron para declarar, al encontrarse ambos casualmente en la calle de la Concordia, que no

era su enemiga, porque lo que habia dicho contra él, era efecto del miedo.

4.—Que el Dr. Aguerrevere, quien practicó el reconocimiento de Mercedes Daroca, al día siguiente de haber denunciado ésta el hecho, en 23 de Abril último, ante el Juez de Paz sustituto del Distrito Este de Ponce, aseguró que la Mercedes habia sido desflorada y que la desfloración no podía fijarse con exactitud, por más que era reciente.

5.—Que los demás testigos que declararon, ó sean Julio Perez, Dolores Sanchez, Gustavo Cristian y Felipe Vaillant, se limitan á expresar el concepto favorable que les merecía Mercedes Daroca. El Letrado del acusado, en el alegato que presentó ante esta Corte Suprema para sostener el recurso de apelación interesando á la vez la revocación de la sentencia apelada y la absolución de su defendido, tomó como base de defensa el resultado de las pruebas practicadas en el juicio, sosteniendo, mediante un exámen detenido de las mismas, que el veredicto y el fallo eran contrarios á derecho, por cuanto las pruebas practicadas en el juicio, ó sean, la declaración de Mercedes Daroca, inverosimil, no persistente y contradictoria, la de Elvira Medina, que desmiente categóricamente á Mercedes Daroca, y la del Dr. Aguerrevere, destituida de fundamento científico, no son bastantes para producir el conocimiento de que la desfloración de Mercedes Daroca fué causada por el Dr. Vidal y que éste tuvo actos carnales con ella. Trayendo á consideración las pruebas practicadas en el juicio, llama desde luego la atención de este Tribunal que la presunta ofendida Mercedes Daroca haya incurrido, al hacer relación del hecho, en una contradicción tan notable, cual es la de que llevaba ó usaba pantalones, que se mancharon de sangre al realizar el acto carnal con el acusado, los que hubo de lavar luego en su propia casa, como así afirmó primeramente, expresando después que en esa ocasión solo usaba camisa y no pantalones, sin que se exigiera á la testigo, por las partes del juicio, ó por el Juez, que explicara las razones ó causa de

semejante contradicción; y si á ésta se agrega la declaración
de la testigo Elvira Medina, que en el acto del juicio se re-
tractó de las que ante el Juez de Paz y Fiscal habia rendido
anteriormente, y por otra parte, se tiene en cuenta que el in-
forme pericial del Dr. Aguerrevere, aunque pudiera compro-
bar la desfloración de Mercedes Daroca, nunca comprobaría
esa desfloración en relación con el acusado, forzoso es con-
cluir que ante las dudas racionales que surjen en la conciencia
del juzgador sereno é imparcial, no cabe afirmar, sin temor
de equivocarse, que el acusado Vidal sea culpable del delito
de que ha sido acusado, mientras no se desvanezcan las nebu-
losidades que envuelven el proceso.    La Corte Suprema de
California, al resolver un recurso de apelación en causa por
igual delito que la presente, ó sea por violación de una jóven
de 13 años, recurso interpuesto por el acusado contra sentencia
que le declaró culpable de dicho delito, en juicio por jurado,
dice así:

No hay acusaciones que vengan rodeadas de mayor peligro, ó que
presten más amplia oportunidad para poner en juego libremente los
resortes de que disponen la malicia y el deseo de satisfacer una vengan-
za particular, que las formuladas en causas de esta naturaleza.    En
estos casos el acusado está casi indefenso, y en vista de la facilidad
con que pueden inventarse y sostenerse acusaciones de esta índole, las
Cortes han sido muy rígidas al formular las reglas que deben gobernar
al jurado, al dictar su veredicto.

Desde la época de Lord Hale, hasta la fecha presente, no se ha
sometido ninguna causa á la deliberación del jurado, con el solo testi-
monio de la denunciante, no sostenido por hechos y circunstancias que
lo corroboren, sin que el Tribunal le haya advertido lo peligrosa que
resultaría una convicción ó declaración de culpabilidad, que tuviera
por base un testimonio de esa naturaleza.

*People* vs. *Benson,* 6 Cal., 223.

Esa doctrina de la Corte Suprema de California, aunque
expuesta para un juicio por jurado, es aplicable á un juicio
seguido por un Tribunal de Derecho, y si ella dió lugar á que
se revocara el fallo apelado y se ordenara la celebración de

un nuevo juicio, también debe hacerse lo propio en el presente caso. En consecuencia de cuanto se deja expuesto, somos de opinión que debe anularse la sentencia dictada por la Corte de Distrito de Ponce, la que procederá con arreglo á derecho celebrando nuevo juicio, ó dictando cualquier otro pronunciamiento que autorice la ley.

*Resuelto de conformidad.*

Jueces concurrentes, Sres. Presidente, Quiñones, y Asociados, Figueras, MacLeary y Wolf.