### THE PEOPLE *v.* VIDAL.

### APPEAL from the District Court of Ponce.

No. 14.—Decided December 14, 1904.

APPEAL—RAPE—EVIDENCE—NEW TRIAL.—When, in considering the evidence taken on a trial, the uncorroborated testimony of certain witnesses, when considered both separately and together, is so manifestly contradictory as to raise a reasonable doubt in the mind of the judge as to the guilt of the defendant of the crime charged, a new trial will be granted.

The facts, are stated in the opinion.
*Messrs. Díaz* and *Texidor,* for appellant.
*Mr. Rossy, Fiscal,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

The case submitted for the decision of this court is an appeal taken by Esteban Vidal Ríos from a judgment of the District Court of Ponce, condemning him in a prosecution for rape, to serve five years in the penitentiary of this Island at hard labor, and to pay costs.

The appellant was accused on the 26th of July, last, by the district attorney for the said district, of the grave offense

of rape, defined and made punishable by subdivision 1 of section 255 and section 258 of the Penal Code, committed as follows:

"On an afternoon in April, 1904, Mercedes Daroca y Vélez, a girl of thirteen years of age, went, in the company of Elvira Medina, to the office of the accused, Esteban Vidal Ríos, which is situated in this city and in the judicial district of Ponce, for the purpose of having him prescribe for her. He conducted her to a private office and laid her on a bed where he had carnal intercourse with her, depriving her of her virginity. This act is contrary to the statute in such case made and provided and against the peace and dignity of the People of Porto Rico."

The foregoing information was sworn to on July 27, the following day, and upon this same date the accused appeared before the court and pleaded not guilty. He did not ask for a trial by jury, for which reason the trial was had before a court of law which, on the 5th day of the following month of August, declared Vidal Ríos guilty of the crime of rape, with which he was charged in the information, and set the 10th of the said month upon which to pronounce sentence. Before sentence was pronounced the accused, through his counsel, filed a motion for a new trial based on subdivisions 2, 6 and 7 of section 303 of the Code of Criminal Procedure, because the judge admitted new evidence after the arguments were closed, a portion of which consisted of sworn statements made by the district attorney after making an examination of the place where the crime was alleged to have been committed; because the verdict was contrary to the law and the evidence, inasmuch as the same is based upon the testimony of a girl under fourteen years of age, who is a party interested in the prosecution, and whose testimony is in itself contradictory, and which is contradicted not only by the accused, but also by Elvira Medina, the only witness who is alleged to have been present upon the commission of the act attributed to Vidal Ríos by the alleged victim; and because of the

discovery of new evidence consisting of the testimony of witnesses who were at Dr. Vidal's office on the day referred to, and whose testimony was set forth in a notarial instrument, no copy of which has come to this court.

On the said 10th of August the judge, after hearing the allegations of the parties and the evidence introduced by the counsel, considering that sufficient reasons had not been given to prevent him from pronouncing sentence, condemned Esteban Vidal Ríos to the punishment above mentioned.

From that judgment, and the order which it involves denying the motion for a new trial, the accused took an appeal, which was allowed. The defendant presents no bill of exceptions and the copies required by law have been forwarded to this Supreme Court. From the said copies it appears:

1. That the alleged injured female, María de las Mercedes Daroca y Vélez, was born on November 1, 1890.

2. That said young woman on testifying at the trial stated that during the month in which the Holy Week occurred she went to Dr Vidal's office on two occasions, accompanied by the servant, Elvira Medina, and on the second occasion, at about 3.30 p. m., he took her into a room where she did not wish to enter, ordered her to lie down on a bed, which she did, he also lying down on the bed, and that they both had carnal intercourse, in spite of the resistence which she offered to the force used upon her by Dr. Vidal; and that Elvira Medina, who remained sitting on a chair in the parlor, which adjoined the room in which the act was committed, could testify to the facts; that after this she went to her home with the Medina girl, and upon reaching her home, as she saw that her drawers were stained with blood, she got into a bath tub and washed them herself. She later contradicted this statement, in answering questions propounded upon cross-examination by counsel for the accused, stating that the garment which she washed in the bathtub was not her drawers, but a chemise which she had on, and which was

stained with blood, since although the first time she went to the office of Dr. Vidal she wore drawers, on the second occasion she only wore a chemise.

3. That the witness, Elvira Medina, although she agrees with Mercedes Doroca that she accompanied the latter on two occasions to the house of Dr. Vidal in order that he might prescribe for her, as she was suffering from luecorrchea, she testified that she did not know that the things which Mercedes alleges happened to her did occur in Dr. Vidal's room, and that although she previously testified otherwise before the justice of the peace and before District-Attorney Parra against Dr. Vidal, those statements were untrue and were induced by threats made by the father of the girl to kill her if she did not testify against Vidal, to whom she stated on the day she was summoned to testify, when they both accidentally met on Concordia street, that she was not his enemy, because what she had said against him was due to the effect of fear.

4. That Dr. Aguerrevere, who made an examination of Mercedes Daroca on the day following to the date upon which she complained of the acts before the substitute justice of the peace for the eastern district of Ponce, namely, the 23d day of April last, asserted that the said Mercedes had been deflowered, and that the date of the defloration could not be exactly stated, although it was recent.

5. That the other witnesses who testified, namely, Julio Pérez, Dolores Sánchez, Gustavo Christian and Felipe Vaillant, limited their testimony to the statement of the favorable opinion which they had of Mercedes Daroca.

Counsel for the accused, in the brief which he filed in this Supreme Court in support of the appeal praying for the reversal of the judgment appealed from and the acquittal of his client, took as a basis for his defense the evidence introduced on the trial, maintaining by carefully detailing the same, that the verdict and sentence are contrary to law.

inasmuch as the evidence taken on the trial, that is to say, the facts testified to by Mercedes Daroca are improbable, and that the testimony is inconsistent and contradictory; that the testimony of Elvira Medina, who emphatically denies the statements of Mercedes Daroca, and that of Dr. Aguerrevere, destitute of any scientific basis, is not sufficient to prove that the defloration of Mercedes Daroca was caused by Dr. Vidal, or that he had carnal intercourse with her.

Taking into consideration the evidence introduced on the trial the attention of this court is, of course, called to the fact that the offended female Mercedes Daroca made statements which were manifestly contradictory; namely, that she wore drawers, which were stained with blood when she had carnal intercourse with the accused, and which she afterwards had to wash at her own house, as she first stated; and subsequently affirming that on that occasion she only wore a chemise and not drawers; and that none of the parties to the prosecution, nor the judge, required the witness to explain the reason or cause for such a contradiction; and when to this is added the testimony of the witness Elvira Medina, who, at the trial retracted the statements which she had previously made before the justice of the peace and the district attorney; and on the other hand, taking into account the expert report of Dr. Aguerrevere, although it might prove the defloration of Mercedes Daroca, it could not prove that the accused brought it about, we are forced to the conclusion that in the presence of the rational doubts arising in the minds of an impartial judge, it could not be held without fear of committing error, that the accused Vidal was guilty of the crime with which he was charged, until the disappearance of the nebulous circumstances involving the prosecution.

The Supreme Court of California, in deciding an appeal taken by the accused from a judgment rendered in a case where the same crime was charged, namely, rape committed

upon a girl of thirteen years of age, declaring him guilty of the said crime on a trial by jury, uses the following language:

"There is no class of prosecutions attended with so much danger, or which affords so ample an opportunity for the free play of malice and private vengeance. In such cases the accused is almost defenseless, and courts, in view of the facility with which charges of this character may be invented and maintained, have been strict in laying down the rules which should govern the jury in their finding.

"From the time of Lord Hale to the present time no case has ever gone to the jury upon the sole testimony of the prosecutrix, un-sustained by facts and circumstances corroborating it, without the court warning them of the danger of a conviction on such testimony." (*People* v. *Benson,* 6 Cal. 223.)

The foregoing jurisprudence of the Supreme Court of California, although announced in a case in which the trial was had before a jury, is applicable to a case prosecuted before a court of law, and if in that case the judgment appealed from was reversed and the case remanded for a new trial, the same should be done in this case.

In view of the foregoing we are of the opinion that the judgment rendered by the District Court of Ponce should be reversed, and a new trial should be held, or that any other disposition authorized by law should be made of the same.

*So ordered.*

Chief Justice Quiñones and Justices Figueras, MacLeary, and Wolf concurred.