THE PEOPLE v. DURÁN.

APPEAL from the District Court of Arecibo.

No. 18.—Decided June 17, 1905.

VERDICT—EVIDENCE.—A verdict found by a jury in a criminal prosecution must be presumed to be correct and in accordance with the result of the evidence taken on the trial, so long as the contrary be not proved.

ID.—STATEMENT OF FACTS—BILL OF EXCEPTIONS—STENOGRAPHER'S NOTES.—In order that the Supreme Court may consider on appeal the evidence taken at the trial, it is necessary that the same be set forth in a statement of facts or bill of exceptions, and such documents cannot be substituted by the stenographer's notes, which in themselves alone cannot be used for this purpose.

ID.—TRIAL.—The fact that in the transcript of the record no statement of facts or bill of exceptions is found will not prevent the Supreme Court in special cases from exercising its discretionary power to weigh the evidence with only a copy of the result of the proceedings before it, as errors committed in weighing evidence may be so clear as to oblige the court, in compliance with the high ends of justice, to go beyond the strict limits of legal procedure and endeavor to establish the right prejudiced.

SEDUCTION—VERDICT CONTRARY TO THE LAW OR THE EVIDENCE.—Where from the evidence taken in a prosecution for seduction it appears that the injured female was seduced under promise of marriage, that the carnal act was consummated with the accused, that he and the injured female were lovers, and that the latter was reputed to be chaste, the crime of seduction must be deemed to have been proved, and under such conditions it cannot be maintained that a verdict of guilty is contrary to law or to the evidence.

ID.—CORROBORATION OF THE TESTIMONY OF PROSECUTRIX.—In cases of seduction under promise of marriage prosecuted in accordance with section 261 of the Penal Code, the accused may be convicted on the sole testimony of the injured female, which is entitled to credence so long as it is not proved to be false, and it is not necessary that such testimony be corroborated by any other evidence, as such corroboration is necessary only with respect to the crimes defined in section 260 of the Code.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

Mr. JUSTICE FIGUERAS delivered the opinion of the court.

The appellant in this cause was duly charged by information, filed on June 3, 1904, with having maliciously seduced, under promise of marriage Felipa Oliva y Maldonado, an unmarried woman, of chaste reputation, having had sexual intercourse with her, and thereby violating section 261 of the Penal Code.

The jury, after the evidence was all in and after having been charged, returned a verdict of guilty of the crime charged against the defendant.

The accused asked for a new trial on the ground that said verdict was contrary to law or the evidence.

The judge of Arecibo rendered the following judgment:

"*The People of Porto Rico* v. *Higinio Duran.*—On this 4th day of November, 1904, the defendant appeared for sentence, and he was asked whether or not he had anything to say why sentence should not be pronounced against him, and not having advanced any sufficient reasons, the following sentence was pronounced against him: In view of the judgment of conviction rendered against said defendant on October 29, 1904, the court should sentence and does sentence the accused, Higinio Duran, to the penalty of three years and six months in the penitentiary, at hard labor, and to pay a fine of $500 and the costs of this trial for the crime of seduction; and, if insolvent to serve one day's imprisonment for every dollar he shall fail to pay; and the court further orders that he be taken to the penitentiary at San Juan and there delivered to the head of said institution, with a copy of this sentence, in order that the accused may be confined for a period of three years and six months at hard labor, and in case of inability to pay, for the proper additional period at the rate of one day for every dollar. The court fixes bail in the sum of $2,000 in the the event of an appeal."

The accused took an appeal from this judgment and his counsel made an oral argument and then filed a brief, after the *fiscal* had preseented one in which he fully set forth his arguments, in which the grounds for the appeal are fully set forth, and which is worthy of being transcribed owing to its clearness and brevity. It reads as follows:

"Manuel F. Rossy, counsel for Higinio Duran, filed the following brief setting forth the legal points upon which he bases the prayer which he has made in this appeal for a reversal of the judgment of the District Court of Arecibo and that a new trial be ordered.

"It is very important to remember that the only allegation made by the appellant in this case is that a new trial be ordered to be held in the District Court of Arecibo. This prayer is based on the power which this honorable court has under section 364 of the Code of Criminal Procedure.

"The prayer is based on the fact that according to the sixth subdivision of section 303 of said code, a new trial may be granted 'when the verdict is contrary to the law or the evidence.'

"Higinio Duran is accused of having seduced Felipa Oliva under promise of marriage. This is a crime defined in section 261 of the Penal Code.

"Hence, in order to find Duran guilty of this crime, it is necessary to prove two things: First, the sexual intercourse, and then the prior existence of the promise of marriage.

"According to the record which has been presented to sustain this appeal, only three witnesses testified—the aggrieved party, who affirms the truth of the seduction under the promise of marriage; Juan Maldonado, a cousin of the aggrieved party, who stated that during a month the latter was in his house she had been visited once by Higinio Duran, from which he deduced that they were engaged; and Dr. Cordova, who affirmed that Felipa Oliva was a good girl of good judgment.

"It is impossible to base a verdict of guilty on such evidence as the jury of Arecibo did in this case; because the declaration of the aggrieved party alone is not sufficient to establish the truth of the act, and because the law requires, as we have seen, the two factors of seduction and a promise of marriage to consitute the crime.

"As a precedent, attention is called to the decision of this honorable court of December 5, 1904, in the cause against Esteban Vidal y Rios for rape, in which a new trial was ordered and the judgment of conviction rendered by the District Court of Ponce reversed, on the ground that the only evidence was the statement of the aggrieved party, which is what occurs in this case. In that decision the opinion of the Supreme Court of California is cited in the case of Benson for rape, in which the verdict of the jury was set aside and the court referred to the dangerous character of these causes because they may be used for purposes of vengeance, and stated that a conviction should never be founded on the uncorroborated testimony of the aggrieved party.

"The *fiscal* prays that this appeal be dismissed on the ground that the court could not take cognizance of the facts of this action, because they are not presented in the form prescribed by law.

"A copy has been presented in this appeal authorized by the clerk of the court in the form prescribed by section 356 of the Code of Criminal Procedure, that is to say, of the notice of appeal, of the record and of the exceptions taken at the trial. In addition this copy contains all the requisites of Rule 16 of the Regulations of District Courts, that is to say, the information, the plea of the defendant, the verdict, and the charge of the court to the jury; and no bill of exceptions is attached because none was prepared nor is any prayer based thereon at present, nor was it necessary to include the exceptions to the charge of the judge, because such charge, with the endorsement setting forth the decision of the court, forms part of the

record, and any error may be utilized on appeal in the same manner as if it had been embodied in the bill of exceptions.

"Furthermore, rule 80 of the Rules and Regulations of the Supreme Court provides that such regulations shall govern appeals in criminal causes in cases in which they may be applicable, and rule 50 prescribes that the copy of the record shall be presented to that honorable court. There is no doubt that the copy of the record should contain everything that occurred in the action, which is what section 356 of the said Code of Procedure prescribes.

"The *fiscal* lays great stress on the statement of facts referred to in rule 17 of the Rules for District Courts, and such statement of facts is not obligatory but optional, because it says that the defense or the prosecution may make a written statement of facts, and paragraph G of rule 16 says that the statement of facts shall be transcribed, *if there be any.*

"The certified copy of the record signed by the clerk of a court has the character of an official document and may serve as a ground for any decision of a court, unless it be proved that such certified copy is incorrect.

"Section 362 of the Code of Criminal Procedure prescribes that the supreme court must render judgment without regard to technical errors or defects, and assuming that there were some defects in form of this appeal, it cannot serve as a ground to withhold a declaration affecting the material rights of the defendant.

"Furthermore, the Supreme Court is not asked here to render a final judgment, but only to order a new trial. This does not in any way affect the final judgment which may in due time be rendered in this case acquitting or convicting the accused, but is only a means granted the accused by the law to facilitate the establishment of the truth and to defend himself against the charge brought against him.

"For the reasons stated, I repeat my prayer that this honorable court reverse the judgment of the District Court of Arecibo in this cause and order a new trial. San Juan, June 12, 1905."

As is seen, there is submitted for our consideration the value of the stenographic notes in themselves when, as in this case, a new trial is demanded on the ground that the verdict .is, it is alleged, contrary to law or the evidence.

Therefore, opposition is made to the findings of a jury

duly constituted, upon the evidence, without absolutely anything being submitted for our consideration to show the error committed.

It will be apparent to the learned counsel for the appellant that this is impossible. Until the contrary is proved the presumption is in favor of the verdict, because twelve citizens were present at every act of the trial and were in a position to weigh all the details of the testimony of each witness.

For this reason, in general terms, it is necessary to comply with the law which requires a bill of exceptions or a statement of facts in the form prescribed by rule 17 of those established for criminal cases in district courts, which rules were in due time approved by the Attorney General of this Island, and only in this way would it be possible for this Supreme Court to estimate the importance of the contradictory statements made by each witness and that of the errors committed in weighing all the evidence.

These requisites which, as we have said, are necessary in general terms, do not deprive this court of the discretional power which it undoubtedly has in exceptional cases to weigh the evidence from what appears in the record of the trial only. A case may occur in which the errors may be so clearly seen that this court, in accomplishing the high ends of justice, must go beyond the strict limits of legal procedure and endeavor to reestablish the right prejudiced.

This is what occurred in the case of rape—not of seduction, like this case—of Dr. Esteban Vidal y Rios, in which the opinion was delivered by Mr. Justice Hernández, in which case it was seen *prima facie* that the evidence had been contradicted and was contradictory, and, basing its action on a decision of the Supreme Court of California in the case of *The People* v. *Benson,* 6 Cal., 223, this court ordered a new trial.

But in any case, the aggrieved party here affirms that she was seduced under a promise of marriage by the defendant,

who had sexual intercourse with her, the penetration was admitted by counsel at the trial, a relative supposed them to be engaged, and Dr. Liborio Cordova affirms that the young woman was reputed chaste.

Nothing has been adduced to prove that all of this is false, nothing has been adduced which raises the slightest doubt as to the truth of these facts, and under such conditions it cannot be said that the verdict is contrary to law or the evidence.

On the other hand, a woman aggrieved by a crime of this character has the right to be believed, and she must be believed when nothing is adduced against her testimony and when the record does not show anything to the contrary.

And it cannot be said that according to section 250 of the Code of Criminal Procedure the defendant cannot be convicted upon the testimony of the aggrieved woman, unless her testimony be corroborated by other evidence, because this court has already explained and decided this in the case of Angel Santos y Santos, from Aguadilla, case No. 22, of 1904, in which the opinion was delivered by Mr. Justice MacLeary. It was held in said opinion that corroboration was necessary when charges were made in accordance with section 260 of the Penal Code, but not when cases are involved which like this one arise under section 261 of said Code, the case of *The People* v. *Wood,* 118 California, 672, being cited in support hereof.

And it is natural that this be so. Section 260 of the Penal Code refers to crimes which require elements entailing certain publicity and scandal, and for this reason evidence in corroboration of the statements of the aggrieved woman is easier.

But the crime defined in section 261 of the code, which is that involved in this case, contains only elements which are private by their very nature, as are sexual intercourse and a promise of marriage for the purpose of seduction, which is a deception by cunning and craft or a gentle persuasion to commit evil, and this makes it almost impossible to secure

corroborative evidence; and it is for this reason that the statement of the aggrieved party is worthy of credit so that the crime may not go unpunished until the falsity of such statement is proved, which has not been done in this case.

I believe that we have shown the impossibility of ordering a new trial as desired, and as, on the other hand, there is no ground for a reversal or modification of the judgment appealed from, we propose that the same be affirmed, with the costs against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, MacLeary and Wolf concurred.