## EL PUEBLO v. DURÁN.

## APELACIÓN procedente de la Corte de Distrito de

## Arecibo.

No. 18. Resuelto en Junio 17, 1905.

VEREDICTO.—PRUEBAS.—El veredicto emitido por un jurado en una causa criminal, habrá de presumirse correcto y ajustado al resultado de las pruebas practicadas en el juicio, mientras no se demuestre lo contrario.

ID.—RELACIÓN DE HECHOS.—PLIEGO DE EXCEPCIONES.—NOTAS DEL TAQUÍGRAFO.—Para que el Tribunal Supremo pueda considerar en una apelación las pruebas practicadas en el juicio, es necesario que vengan consignadas en una relación de hechos ó pliego de excepciones, no pudiendo sustituirse estos documentos con las notas del taquígrafo, las que por sí solas no pueden ser utilizadas para este fin.

ID.—ACTA DEL JUICIO.—La circunstancia de que no haya en la transcripción de autos una relación de hechos ó un pliego de excepciones, no es obstáculo alguno para que el Tribunal Supremo ejercite, en casos excepcionales, la facultad discrecional que tiene para apreciar la prueba con solo las resultancias del acta del juicio, pues los errores de apreciación pueden ser tan claros, que obliguen al Tribunal en cumplimiento de los altos fines de la justicia, á volver por los fueros de la verdad legal y á restablecer el derecho perturbado.

SEDUCCIÓN.—VEREDICTO CONTRARIO Á DERECHO Ó Á LAS PRUEBAS.—Si de la prueba practicada en una causa de seducción, apareciere que la mujer perjudicada fué seducida bajo promesa de matrimonio, que el acto carnal se realizó con el acusado, que éste y la perjudicada eran novios, y que la última estaba reputada por pura, hay que estimar probado el delito de seducción, y en tales condiciones no puede sostenerse que un veredicto de culpabilidad sea contrario á derecho ó á las pruebas.

ID.—CORROBORACIÓN DEL TESTIMONIO DE LA DENUNCIANTE.—En los casos de seducción, bajo promesa de matrimonio, perseguidos de acuerdo con el art. 261 del Código Penal, el acusado puede ser condenado con el solo testimonio de la mujer agraviada, que es digno de crédito mientras no se pruebe su falsedad, sin que sea necesario que tal testimonio esté corroborado por ninguna otra prueba, pues tal corroboración se hace necesaria solamente con respecto á los delitos previstos en el art. 260 del mismo Código.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Róssy,* Fiscal.

La parte apelante no compareció.

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la opinión del Tribunal.

El apelante en esta causa fué debidamente acusado el 3 de Junio de 1904 por haber maliciosamente seducido bajo promesa de matrimonio á Felipa Oliva y Maldonado, mujer soltera reputada por pura, habiendo tenido con ella comercio carnal é infringiendo por tanto el Artículo 261 del Código Penal.

El Jurado después de celebrado el juicio y de oir las correspóndientes instrucciones, declaró al acusado culpable del delito porque se le acusó.

Este pidió un nuevo juicio por considerar que dicho veredicto era contrario al derecho ó á las pruebas practicadas.

El Juez de Arecibo dictó la siguiente sentencia:

"El Pueblo de Puerto Rico contra Higinio Durán.—Hoy día cuatro de Noviembre de mil novecientos cuatro, compareció el acusado á recibir su sentencia; y se le preguntó si tenía algo que exponer para impedir que se pronunciara la misma, y no habiendo presentado razones suficientes, se pronunció la siguiente en contra de él.—En vista del fallo de convicción dictado en contra de dicho acusado el día 29 de Octubre de 1904, la Corte debe condenar y condena al convicto Higinio Durán, á la pena de tres años, seis meses, en el Presidio Departamental con trabajos forzados, y quinientos dollars de multa y á pagar las costas de esta causa, por el delito de seducción, debiendo sufrir en caso de insolvencia, un día por cada dollar que dejare de satisfacer, y la Corte además ordena que sea llevado al Presidio Departamental en San Juan, y sea entregado al Jefe de dicha institución con una copia de esta sentencia para que sea confinado el acusado por el período de tres años, seis meses con trabajos forzados, y en caso de insolvencia, la pena correspondiente á razón de un día por cada dollar.—El Tribunal le fija la fianza de $2,000 para en caso de apelación."

De la referida sentencia apeló el acusado y su Abogado argumentó oralmente y presentó luego, de otro bien razonado del Fiscal, un brief que concreta perfectamente los motivos de la apelación y que por su claridad y poca extensión merece copiarse, dice así:

"Manuel F. Rossy, abogado de Higinio Durán, presenta el siguiente brief, consignando los puntos legales en que funda la petición que ha hecho en esta apelación para que se anule la sentencia dictada por la Corte de Distrito de Arecibo, y se proceda á un nuevo juicio.

"Es muy importante tener presente, que la única alegación que hace el apelante en este caso, es la de que se ordene la celebración

de nuevo juicio ante la Corte de Distrito de Arecibo. Esta petición, se hace fundada en el poder que para ello tiene esa Honorable Corte, por el Art. 364 del Código de Enjuiciamiento Criminal.

"La petición se funda en que, según el párrafo 6o. del art. 303 del mismo Código, puede concederse la celebración de nuevo juicio "si el veredicto fuere contrario á derecho ó á las pruebas."

"Se acusa á Higinio Durán de que bajo promesa de matrimonio, sedujo á la joven Felipa Oliva. Y este es un delito definido en el art. 261 del Código Penal.

"De modo que, para considerar á Durán como autor de ese delito, era necesario probar dos extremos: uno, el acto carnal, y otro, la previa existencia de la promesa de matrimonio.

"Según el récord que se ha presentado para sostener esta apelación, solo declararon tres testigos: la ofendida, que alega ser verdad la seducción bajo promesa de matrimonio; Juan Maldonado, primo de la ofendida, que dice que, durante un mes que estuvo ésta en su casa, la visitó una vez Higinio Durán, por lo que deduce que eran novios; y el Dr. Córdova, que afirma ser la Olivo una jóven buena y juiciosa.

"Con tales pruebas, es imposible fundar un veredicto de culpabilidad como hizo el Jurado de Arecibo en este juicio; porque la sola prueba de la declaración de la ofendida, no es suficiente para dar por cierto el hecho, y porque la ley exige, como hemos visto, los dos extremos de la seducción y de la promesa de matrimonio para que exista el delito.

"Como precedente se recuerda el fallo de esa Hon. Corte dictado el 5 de Diciembre de 1904, en la causa contra Estéban Vidal y Ríos por violación, ordenándose la celebración de un nuevo juicio y la anulación de la sentencia condenatoria de la Corte de Distrito de Ponce, porque sólo existía como prueba la declaración de la ofendida, que es lo mismo que ocurre en el presente caso.

"En ese fallo, se cita otro dictado por la Corte Suprema de California en el caso de Bousen, por violación, en el que se anuló el veredicto del Jurado, consignando la Corte lo peligrosas que son esas causas, porque se prestan á venganzas y que nunca debe fundarse una condenación en el solo testimonio de la ofendida.

"El Fiscal pide que se declare sin lugar esta apelación, porque la Corte no podía conocer acerca de los hechos de este juicio por no venir en la forma que dice la ley.

"Se ha presentado en esta apelación una copia autorizada por el Secretario de la Corte, en la forma que dice el art. 356 del Códi-

go de Enjuiciamiento Criminal, ó sea del escrito de apelación y de los autos y excepciones presentadas en el juicio. Además esta copia reune los requisitos de la Regla 16 del Reglamento de las Cortes de Distrito ó sea la acusación, la alegación del acusado, el veredicto, las instrucciones de la Corte al Jurado; y no se acompaña el pliego de excepciones, porque no se preparó ni en él se funda ninguna petición ahora, ni las instrucciones del Juez había necesidad de incluír en las excepciones, porque tales instrucciones con el endoso en que se consigna la resolución de la Corte, forman parte del acta y cualquier error podrá utilizarse en una apelación de igual modo que si se hubiere consignado en la declaración de excepciones.

"Además, la Regla 80 del Reglamento de la Corte Suprema, declara que tal Reglamento regirá para las apelaciones en causas criminales en los casos en que sean aplicables, y la Regla 50 dice que la copia de los autos ha de presentarse ante esa Hon. Corte. Y es indudable que la copia de autos debe comprender todo lo que sucedió en el juicio, que es lo que viene á decir el art. 356 del Código de Procedimientos ya citado.

"El Fiscal hace gran incapié en la relación de hechos de que habla la Regla 17 del Reglamento de las Cortes de Distrito, y tal relación de hechos no es obligatoria sino potestativa, porque dice que la defensa ó la acusación podrá hacer una relación escrita de los hechos y la regla 16, en el párrafo marcado con la letra G, dice que se transcribirá la relación de hechos, *si la hubiere*.

"La certificación de autos firmada por el Secretario de una Corte, tiene el carácter de un documento oficial y sirve para fundamentar cualquier decisión de una Corte mientras no se pruebe que dicha certificación es inexacta.

"El Art. 362 del Código de Procedimientos Criminales, dice que la Corte Suprema dictará sentencia sin reparar en los errores ó defectos técnicos que lo forman, suponiendo que hubiese algún defecto de forma en esta apelación, no debe servir de motivo para detener una declaración que afecta los derechos sustanciales del acusado.

"Además, aquí no se pide que la Corte Suprema dicte una resolución definitiva, sino que ordene la celebración de nuevo juicio. Esto en nada afecta al fallo definitivo, que en su día se dicte en este juicio, absolviendo ó condenando al acusado, sino que es un medio concedido al acusado por la ley para depurar mejor la verdad y defenderse de la acusación que se le hace.

"Por los méritos expuestos, reitero mi súplica de que esta Hon. Corte Suprema declare la nulidad de la sentencia dictada por la Corte de Distrito de Arecibo en esta causa y ordene la celebración de un nuevo juicio.—San Juan, 12 de Junio de 1905."

Como se ve, se ha traído á nuestra consideración el valor que por sí solas puedan tener las notas taquigráficas cuando, como en el presente caso, se pide la celebración de un nuevo juicio por ser el veredicto, según se dice, contrario á derecho ó á las pruebas.

De manera que se combate la apreciación de las pruebas hechas por un Jurado debidamente constituído, sin traer á nuestra consideración absolutamente nada que demuestre el error cometido.

No puede ocultarse á la inteligencia del Letrado de la parte apelante que esto es imposible. Mientras no se pruebe lo contrario, la presunción está en favor del veredicto, porque doce ciudadanos han presenciado todos los actos del juicio y han podido apreciar en todos sus detalles la declaración de cada testigo.

Por eso en términos generales es necesario cumplir con la ley que exige un pliego de excepciones ó una exposición de hechos en la forma que determina la Regla 17a. de las dictadas para los casos criminales en las Cortes de Distrito, reglas que fueron en su oportunidad aprobadas por el Hon. Attorney General de esta Isla y solamente así podría esta Corte Suprema apreciar la importancia de las contradicciones en que incurrió cada testigo y la de los errores que se cometieron al apreciar toda la prueba.

Esos requisitos, que como hemos dicho, son necesarios en términos generales, no privan á esta Corte del poder discrecional que indudablemente tiene en casos excepcionales para apreciar la prueba con solo lo que resulte del acta del juicio. Puede darse el caso en que se vean los errores de modo tan claro que esta Corte, cumpliendo los altos fines de la justicia, vuelva por los fueros de la verdad legal y trate de restablecer el derecho perturbado.

Tal sucedió en el caso de violación, no de seducción, como en el presente, del Dr. Don Estéban Vidal y Ríos, siendo Ponente el Honorable Juez Hernández, en que á prima facie se vió que la prueba estaba contradicha y era contradictoria y apoyándose en una resolución de la Corte Suprema de California, recaída en el caso de People vs. Benson 6 Cal. 223, ordenó esta Corte la celebración de un nuevo juicio.

Pero de todos modos, aquí la perjudicada afirma que fué seducida bajo promesa de matrimonio por el acusado, que tuvo con ella acto carnal, y la penetración fué admitida por el Abogado en el acto del juicio, un pariente de aquélla supone que eran novios y el Dr. Don Liborio Córdova afirma que la jóven estaba reputada por pura.

Nada se ha traído que demuestre que todo eso es falso, nada se ha aportado que levante siquiera la duda sobre la certeza de esos hechos y en tales condiciones no puede decirse que el veredicto sea contrario al derecho ó á las pruebas.

Por otra parte, la mujer agraviada por esta clase de delitos, tiene el derecho de que se la crea y hay que creerla cuando nada se trae en contra de su declaración ni resulta del récord mismo.

Y no hay que decir que, según el artículo 250 del Código de Enjuiciamiento Criminal, el acusado no puede ser declarado convicto por la declaración de la mujer agraviada á menos que su declaración se corrobore con otras pruebas, porque ya esto se explicó y decidió por esta Corte en el caso de Angel Santos y Santos, procedente de Aguadilla, Rollo No. 22 del 1904, en que fué Ponente el Honorable Juez MacLeary. Allí se dijo que la corroboración era necesaria cuando hay acusaciones de acuerdo con el art. 260 del Código Penal, pero nó cuando se trata de casos que como el presente surjan de acuerdo con el artículo 261 de dicho Código y apoyaba esta consideración el caso del Pueblo contra Wood, 118 California, 672.

Y es natural que así sea.  El Artículo 260 del Código Penal se refiere á delitos que requieren elementos que entrañan cierta publicidad y escándalo, y por tal razón es más fácil la prueba corroborante de las manifestaciones de la mujer agraviada.

Pero el delito definido en el art. 261 del citado Código, que es el que hoy se persigue, contiene solo elementos que por su naturaleza son de índole verdaderamente privada como es el acto carnal y la promesa de matrimonio para seducir, que es engañar con arte y maña ó persuadir suavemente al mal y esto hace casi imposible una prueba corroborante y por esto es que la declaración de la agraviada es digna de crédito para no dejar impune el delito, mientras no se pruebe su falsedad, cosa que no se ha hecho en el presente caso.

Creo que hemos demostrado la imposibilidad de ir á un nuevo juicio como se pretende y como por otra parte nada hay que aconseje la revocación ó modificación de la sentencia apelada, proponemos su confirmación, con las costas al apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, MacLeary y Wolf.