[No. 7875.   Department Two.   June 11, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v. SAMUEL E.
McCOOL, *Appellant*.[1]

RAPE—EVIDENCE—CORROBORATION OF PROSECUTRIX—CONNECTING DE-
FENDANT. In a prosecution for rape, proof that the parties were
together under suspicious circumstances at another time two months
previous to the time charged, is not such corroborating evidence as
tends to convict the defendant of the offense charged, within Laws
1907, p. 396, where the prosecutrix denied that any improper rela-
tions were had at that time.

SAME. In a prosecution for rape, proof that the prosecuting wit-
ness became pregnant, is not such corroborating evidence as tends
to convict the accused of the crime, within Laws 1907, p. 396.

Appeal from a judgment of the superior court for King
county, Frater, J., entered September 26, 1908, upon a trial
and conviction of the crime of rape.   Reversed.

*Buck & Boddy*, for appellant.

*Kenneth Mackintosh* and *R. W. Prigmore*, for respondent.

DUNBAR, J.—The appellant was tried and convicted on
the charge of statutory rape; that is, of having carnally
known Minnie Phillips, a girl fifteen years of age; and upon
conviction, was sentenced to the penitentiary for a term of
years.   It is assigned upon appeal that the court erred,
(1) in admitting the testimony of the witness Mrs. Phil-
lips; (2) in admitting the evidence of witness Dr. R. A. Mc-
Clure; (3) in submitting the question of the defendant's guilt
or innocence to the jury; (4) in refusing to instruct the jury
as to the meaning of corroborating testimony as used by
the court in his instructions; (5) in refusing to give the
instructions requested by the defendant as to corroborative
testimony.

It is not necessary to state the testimony of the prose-
cuting witness in this case *ad nauseam*.   It may be conceded

[1]Reported in 102 Pac. 422.

that the testimony was sufficient to convict the appellant of the crime charged, if such testimony was believed by the jury and if it was corroborated by other testimony. Section 1 of chapter 170, page 396, of the Laws of 1907, is as follows:

"No conviction shall be had for the offense of rape, or seduction, in this state upon the testimony of the female raped, or seduced, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense."

The only contention in this case is that no corroborating testimony was given at the trial. The respondent introduced the mother of the prosecuting witness, who testified in substance that, about two months before the time at which the crime charged in the information is alleged to have been committed, she went over to McCool's (the appellant's) residence and knocked; that no one came to the door for quite a little time, and that she heard the back door open and some one rustling in the house; that McCool then came to the door, and it was locked; that he unlocked it, and she asked him if Minnie was there, and he said, no; she had been there and was gone; that he was very nervous; that she turned away and went back and saw Minnie going up 25th avenue; that she accosted the child and charged her with having been at McCool's, and she said that she had been there but Dolly, McCool's little girl, was not at home, and that she did not stay; that she told the child never to go there again. This testimony, it seems to us, was in no wise corroborative of the state's testimony, if for no other reason, because the prosecuting witness testified in the trial of this cause that there were no improper relations between her and the appellant on that date, her attention having been called to the time that her mother was there; and hence it could not be corroborative of any testimony of the girl tending to establish the crime charged.

Over the appellant's objection, the respondent introduced

one Dr. R. A. McClure, who testified that, from an examination made, he found the prosecuting witness to be in a state of pregnancy; that this examination was made in July, and the alleged rape was committed in April prior to that. It is difficult to see how such testimony as this would corroborate the testimony of the witness that any particular person had committed the act which was the cause of her condition at the time of the examination. It would, of course, under the laws governing statutory rape, be evidence that the crime had been committed, but could not in any way tend to establish the commission of the crime by any particular one.

The respondent relies on the case of *State v. Fetterly*, 33 Wash 599, 74 Pac. 810, and it is true that some things are said in that case—a case which was decided prior to the passage of the act above referred to—which lend color to the respondent's contention. But if the case intended to go as far as is claimed for it, it was certainly wrong, because it would shock the sense of justice to conclude that testimony that a rape had been committed was corroborative of testimony that the person accused, or any other particular person had committed the crime; especially when it is shown, as it was shown in this case, that the prosecuting witness had associated with other men before and after and about the time at which this crime is alleged to have been committed. This question, however, has since been squarely passed upon by this court in *State v. Jonas*, 48 Wash. 133, 92 Pac. 899, where, referring to this particular class of testimony, it is said:

"It is probably true, as contended by the appellant, that some of the testimony above alluded to, while generally referred to as corroborative in this class of cases, is not such within the meaning of this statute; or at least is not sufficient corroboration. It has often been held that mere proof of acquaintance and opportunity will not satisfy the requirements of such a law. The testimony of the physician tended in no way to connect the appellant with the crime

charged, and perhaps would not be sufficient corroboration under ordinary circumstances."

The court, however, held in that case that there was other corroborative testimony sufficient to sustain the judgment.

Nor do the cases cited by respondent sustain its contention in this respect. For instance, in *State v. Baker*, 106 Iowa 99, 76 N. W. 509, it is said:

"If, considered in connection therewith, the other evidence tends to identify and single out the accused as the perpetrator of the crime, it is of that character contemplated by the statute, and its sufficiency is to be passed upon by the jury."

The other cases are to the same effect. But, as we have tried to show, there is nothing in the proof that a girl under the consenting age is pregnant, and that therefore necessarily a statutory rape has been committed, to point to any particular person as the perpetrator of the crime. With this view of the case, it is not necessary to pass upon the assignments in relation to instructions given and refused.

There being no testimony produced which would warrant a conviction, the judgment will be reversed and the cause dismissed.

Rudkin, C. J., Mount, Crow, and Parker, JJ., concur.