### 7836

DICKERSON v. COLUMBIA, NEWBERRY AND LAURENS R. R.

CARRIER—PASSENGER—CONDUCTOR—NEGLIGENCE.—Even if it is the duty of the conductor to be at the front end of the passenger coach on a mixed train while passengers are alighting and the carrier's servants did not know that she was about to disembark at the rear, the evidence that there was no safety chain at the rear end between the guard rails and that a sudden jerk of the train precipitated the passenger off the car through this space, was properly sent to the jury on the issue of the failure of the carrier to use the highest degree of care for the safety of its passengers.

Before WATTS, J., Lexington, February, 1910. Affirmed.

Action by Lizzie and Wm. L. Dickerson against Columbia, Newberry and Laurens R. R. Co. Plaintiff appeals.

*Mr. Wm. H. Lyles,* for appellant, cites: *Passengers assume risks incident to handling mixed trains:* 55 S. C. 393; 4 Ell. on R. R. 513; 55 S. E. R. 357; Hutch. on Car. 1313. *Duty of conductor to be at front end of car:* 81 S. C. 271. *Carrier owes no duty to passenger who has been transported to end of journey:* 55 Kan. 586. *Not usual to give signals when about to move train:* 15 S. E. R. 534. *Absence of chain is not the proximate cause of plain-*

*tiff's injury:* 58 S. C. 494; 72 S. C. 336; 81 S. C. 100.
*Going on back platform is negligence in passenger.* Tetler
on Car. 434.

*Messrs. E. J. Best, W. Boyd Evans, Townsend & Town-
send* and *Graham & Sturkie,* contra. *Mr. Best* cites: *As
controlling this case:* 75 S. C. 313.

March 27, 1911. The opinion of the Court was deliv-
ered by

Mr. Justice Woods. The plaintiff recovered a judg-
ment for personal injuries alleged to have been inflicted by
reason of the negligence and wantonness of the defendant
railroad company while she was a passenger on one of its
mixed trains. The single exception assigns error in the
refusal of the Circuit Judge to instruct the jury to find for
the defendant on the ground that there was no evidence that
the alleged injuries were caused by any negligence on the
part of the defendant or its officers or employees.

The plaintiff testified that when the train had come to a
complete standstill at Laurens, which was her destination,
she went to the rear of the car for the purpose of getting
off, and was thrown from the platform. She describes the
accident as follows: "Just as I went to get off the rear end
of the train he gave a sudden jerk, without warning and
without signal, and jerked me in between the space there;
there was no guard rail on the train." Explaining more in
detail, she testifies, as we understand the evidence, that
before she had reached the steps, the jerk occurred and she
was precipitated from the platform through the space
between the ends of the guard rail, which is usually pro-
tected on the last platform of a train by a safety chain,
extending from one rail to the other.

Assuming, as contended by counsel for appellant, that it
was the duty of the conductor to be at the front, and not at
the rear, of the car, to see that all passengers had oppor-

tunity to alight in safety, and that the defendant owed no duty to the plaintiff to have an agent stationed at the rear of the platform, and assuming further that there was no evidence that defendant's agents knew of plaintiff's effort to leave the car from the rear platform, nevertheless, the evidence that there was no safety chain to prevent passengers from falling between the guard rails was evidence to go to the jury on the issue whether the plaintiff's injury was due to the failure of the defendant to use the highest degree of care to provide for the safety of its passengers.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.