[No. 33683. Department Two. April 18, 1957.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLARD A. CHAMBERS *et al.*, *Appellants.*[1]

*Wm. M. Hamilton, Jr.*, and *Lowell D. Sperline*, for appellants.

*Charles W. Cone* and *James C. Lynch,* for respondent.

MALLERY, J.—The four defendants were charged in separate informations with the crime of rape. The cases, being connected, were consolidated for trial and, after the convic- · tions of all four of the defendants, were consolidated again upon appeal.

The prosecutrix was a married woman with a baby about ten months old, whose husband had abandoned her in April, 1954. The four appellants drove to her home shortly after noon on September 17, 1955. There was some talk of going to the Waterville Fair. The prosecutrix took her baby, and the party drove to her sister's house in Cashmere. No one was home. The prosecutrix changed from pedal-pushers into a dress, and they proceeded to her parents' home, also in Cashmere. The parents were not home either, so they took the baby with them to Dryden. After buying some beer to take out, they drove to Leavenworth and up the

[1]Reported in 309 P. (2d) 1055.

Chumstick Valley to the home of some friends of the prosecutrix, who declined appellants' invitation to go with them.

From there, they drove further up the valley and down a logging road about one-half mile, where the car was stopped, and all four appellants carnally knew the prosecutrix. They then returned to Leavenworth and purchased bread and lunch meat for sandwiches and milk for the baby. They parked on a public street, ate sandwiches and fed the baby, then proceeded to a drug store and cafe on Main street, where the prosecutrix talked to a casual passerby known to the appellants while two of them went to a nearby tavern.

Later, the party started back to Wenatchee, and two of the appellants again carnally knew the prosecutrix in the back seat of the car. Thereafter, they turned off the main highway onto a county road. During an exchange of seats by the appellants, the car was stopped and the prosecutrix got out. The appellants were urging her to return to the car when deputy sheriffs, patroling the county road, approached. Appellant Turner ran into an orchard. The officers questioned the prosecutrix and the remaining appellants and took them to the county jail.

The appellants assign as error the admission, over their objections, of the testimony of Dr. F. E. Kells that he examined the prosecutrix seven weeks after the alleged commission of the crime, and that she was pregnant. This evidence was irrelevant and prejudicial.

 The appellants were not charged with carnal knowledge of a child. It was incumbent upon the state to show the carnal knowledge was *without the consent* of the prosecutrix.

 Where the charge is carnal knowledge of a child, pregnancy can be shown, since it could not have occurred without the commission of a crime and, hence, it proves the *corpus delicti* and affects the credibility of the prosecutrix. *State v. Fetterly*, 33 Wash. 599, 74 Pac. 810. Regarding evidence of pregnancy, in *State v. McCool*, 53 Wash. 486, 102 Pac. 422, we said:

"It would, of course, under the laws governing statutory rape, be evidence that the crime had been committed, but could not in any way tend to establish the commission of the crime by any particular one."

The pregnancy of the prosecutrix had no bearing whatever upon the identity of anyone who carnally knew her or the question of consent to the act. In the instant case, the rule in statutory rape cases does not apply. Pregnancy does not tend to prove the commission of a crime or to establish paternity. Evidence regarding it was prejudicial.

The judgment is reversed, and the cause remanded for a new trial.

DONWORTH, WEAVER, and OTT, JJ., concur.

HILL, C. J. (dissenting)—I am in accord with everything the majority say except the statement "Evidence regarding it [pregnancy of the prosecutrix] was prejudicial," and with the conclusion that such evidence was prejudicial, I am not in agreement. I concede it tended to prove no issue before the jury; indeed, the decisive issue was whether the prosecutrix consented or resisted to the extent of her ability. Since I do not believe that the evidence concerning her pregnancy influenced the jury in the slightest in determining that issue, I would affirm.