**James A. MARTIN and James W. Martin, Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 18, 1972.

Harlan H. Veal, Jr., Nicholasville, for appellants.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

Appellants were convicted in the Jessamine Circuit Court of rape and sentenced to ten years' imprisonment. They appeal, raising two grounds of error. Since neither questions the sufficiency of the evidence, it is not necessary to set out the facts.

The two errors complained of arose from the testimony of the victim. The testimony now in question was as follows:

"Q. 166 And what happened to you as a result of the relations with these two defendants here?

MR. VEAL: I object, if your honor please.

COURT: Overruled.

A. I was pregnant. I found out that I was pregnant.

Q. 167 And what happened as a result of that pregnancy?

A. Well, I didn't want the baby, so we had—I got rid of it.

MR. VEAL: I object to this whole line of questioning your honor.

COURT: This testimony shows that she was raped.

MR. VEAL: It's incompetent.

COURT: Or rather tends to show that she had sexual intercourse."

No further objections were made as to this line of questioning.

The appellants complain that (1) the court erred in admitting the testimony of the prosecutrix regarding her pregnancy and her medically induced termination of the pregnancy, and (2) the court erred by making improper and prejudicial comment on the effect of her testimony regarding her pregnancy.

It is conceded by appellants in their brief that evidence of the pregnancy of the prosecutrix is generally admissible in statutory rape cases. However, they strongly contend that such testimony is not admissible where the rape is alleged to have been accomplished by force. In support of their contention they cite 62 A.L.R.2d, 1067 § 3, Anno.: Rape—Evidence of Pregnancy. We have examined the cases annotated in the above article and the cases from this jurisdiction and find there is no clear-cut rule that excludes evidence of pregnancy in all forcible rape cases. It was held in People v. Loftus, 58 Hun 606, 34 N.Y.St. Rep. 525, 11 N.Y.S. 905, that it was improper to receive evidence that a prosecutrix was pregnant where the fact of pregnancy and the complaint concerning the rape were not revealed until several months after the rape was supposed to have been committed when the prosecutrix was injured in a jump from a roof. There the court held the evidence should not be admitted because it was too remote from the time of the alleged offense. We do not believe the holding in that case to be controlling in the case presently before us.

■ The other cases cited in the above article concern married women and

we, likewise, do not believe these cases to be controlling. We are of the opinion that evidence of pregnancy as a result of a forcible rape alleged to have been committed upon a teenage unmarried girl, who notifies the authorities immediately after the act, is competent. Certainly it is relevant to show the act of intercourse and where the victim is not a married woman or one who would normally be expected to be engaging in intercourse, the fact has some relevancy.

For the foregoing reasons, we believe the testimony was relevant and admissible. The statements of the trial court which are complained of were, in our opinion, not prejudicial in view of the fact that the evidence was competent and the trial court corrected any misstatement of the law contained therein.

Judgment affirmed.

All concur.