On this appeal, from a conviction of rape and a sentence to imprisonment for thirty-five years, only one issue is expressly presented, to the effect that the trial court committed reversible error in admitting in *Page 1194 
evidence testimony of the prosecutrix that she became pregnant as a result of the alleged rape and was thereafter medically aborted. Appellant says that the trial court should have sustained his objection to the motion to exclude the testimony and, failing to do so, the court erred in denying his motion for a new trial by reason of the alleged error in admitting such testimony in evidence.
The parties agree that the issue is one of first impression in Alabama and that the few decisions in other jurisdictions are in conflict. See Annot: Admissibility, in nonstatutory rapeprosecution, of evidence of pregnancy of prosecutrix, 62 A.L.R.2d 1083-1085 and Later Case Service. The parties also seem to agree that there is general uniformity in holding that evidence of pregnancy of the prosecutrix is admissible in cases of statutory rape. This has been definitely held in this state.Davis v. State, 20 Ala. App. 463, 103 So. 73, 74 (1925); Davisv. State, 21 Ala. App. 595, 110 So. 599 (1926); Harrison v.State, 28 Ala. App. 17, 178 So. 454 rev'd on other, but related, grounds, 235 Ala. 1, 178 So. 458 (1938).
Cases relied upon by appellant are Wilson v. State,9 Ga. App. 274, 70 S.E. 728 (1911); State v. Chambers, 50 Wn.2d 139,309 P.2d 1055 (1957); People v. Loftus, 34 N.Y.S.R. 525, 11 N.Y.S. 905 (1890). In Wilson v. State, supra, the court held that evidence of the pregnancy of the prosecutrix at the time of therape was not admissible. This is beside the point in the present case. Although distinctions are possible between the instant case and People v. Loftus, supra, and State v.Chambers, supra, we respectfully disagree with any conclusions therein to the effect that evidence of pregnancy of the prosecutrix after the alleged rape, at a time consistent with conception about the time of the alleged rape, is never admissible in prosecutions for nonstatutory rape. The better rule, in our opinion, is to the contrary. People v. Schober,204 Cal.App.2d 459, 22 Cal.Rptr. 318 (1962); Martin v.Commonwealth, 476 S.W.2d 834 (Ky.App.) (1972); State v. McNeil,277 N.C. 162, 176 S.E.2d 732 (1970), cert. denied 401 U.S. 962,91 S.Ct. 967, 28 L.Ed.2d 245; State v. Cross, 284 N.C. 174,200 S.E.2d 27, in which it is stated:
 "Rape is the carnal knowledge of a female forcibly and against her will. State v. Primes, 275 N.C. 61, 165 S.E.2d 225 (1969); State v. Overman, 269 N.C. 453, 153 S.E.2d 44 (1967). There must be penetration of the sexual organ of the female by the sexual organ of the male to constitute carnal knowledge in a legal sense, but the slightest penetration is sufficient. State v. Sneeden, 274 N.C. 498, 164 S.E.2d 190
(1968). The testimony of the prosecutrix concerning her pregnancy tended to show penetration, one of the elements of rape. Defendant's plea of not guilty placed upon the state the burden of proving beyond a reasonable doubt all the essential elements of the offense charged. Hence, evidence tending to prove penetration, an essential element of the offense, was properly admitted. State v. McNeil, 277 N.C. 162, 176 S.E.2d 732 (1970); State v. Perry, 275 N.C. 565, 169 S.E.2d 839 (1969). . . ."
There are cases of alleged rape in which the issue of guiltvel non has become so straitened that evidence of subsequent pregnancy, so chronologically related to that of the alleged rape as to indicate conception at that time, would not be relevant to the only live issue between the parties. On the other hand, where the question of the existence of all three of the essential elements of rape, namely, carnal knowledge, force and lack of consent, is still an open one, evidence that is relevant to the existence or nonexistence of any one of the three essential elements is relevant to the issue of guilt velnon. Evidence of pregnancy subsequent to the alleged crime would be relevant to the question of whether there had been carnal knowledge in rape cases for the same reason that it seems to be uniformly held relevant in cases of carnal knowledge of a female under the age of consent. True it is, that in the latter, such pregnancy would establish the corpus delicti in full, while in the former it would only show one essential element of the corpus *Page 1195 
delicti. The difference is not one as to relevance or irrelevance, but as to the weight or sufficiency of such relevant evidence. The difference is in extent or degree and not in kind.
In the first Davis v. State, supra, it is stated at 103 So. 74:
 "In a prosecution for carnal knowledge of a girl under sixteen years of age, the paternity of a baby born to the girl is not necessarily a material inquiry. The fact that the girl gave birth to a child is material and relevant as tending to prove the corpus delicti. We know as a scientific fact that when a child is born there has been an act of sexual intercourse[1], and as a matter of common knowledge we also know that the period of normal gestation is approximately 270 days. So that the proof of the birth of a child to a girl under sixteen years of age may be said to establish the fact of carnal knowledge and to tend to fix the time at which the crime was committed. But neither of these facts can be taken as evidence that the defendant is the guilty agent. 33 Cyc.P. 1476."
Appellant argues that the only contested issue was as to the identify of the man who raped the alleged victim. In this he appears to be supported by the record as to the issue at the time of its submission to the jury. Defendant had testified in the case and had stoutly insisted that he had had no relation whatever with the alleged victim, that he was in another town at the time of the alleged incident, and as to this he was supported by testimony of two other witnesses. If the evidence as to the pregnancy after the alleged rape had been offered in rebuttal to, or at any time after, the issue of guilt had been narrowed as it was at the conclusion of the case, the argument as to its inadmissibility would be extremely difficult, if not impossible, to refute. It was offered and admitted in evidence, however, prior to the evidence for the defense and before any kind of a concession, apparent of record, as to the fact of carnal knowledge, at a time that the jury could have well questioned the existence thereof between the victim and anyone else, other than the victim's husband with whom she was living and whose relationship with her, according to her testimony, had been contraceptive. It is true that apparently no one had accused or intimated that she was not telling the truth as to each of the three elements of rape, but the fact that many jurisdictions (not Alabama) require corroboration of a victim's testimony in a rape case shows the existence of a belief that a claim made by a female that she has been raped, or assaulted with the intent to ravish, may at times be resorted to for ulterior purposes. In witness thereof: Potiphar's wife, Gen.XXXIX:1-20.
Even though evidence as to the victim's subsequent pregnancy and later abortion may have had little, if any, weight with the jury, the trial court was not in error in overruling any general objection to, or motion to exclude, the evidence. It follows that the trial court was not in error in overruling defendant's motion for a new trial as grounded upon the admission in evidence of the testimony as to subsequent pregnancy and the abortion.
No contention is made that a jury question was not presented or that the weight of the evidence in favor of defendant was so strong that the verdict was palpably wrong and unjust. We are persuaded that the evidence would not support such a contention.
We find no error in the record prejudicial to defendant and that the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is
AFFIRMED.
All the Judges concur.
[1] Still true except as to the remote possibility of some kind of artificial insemination. *Page 1196