[No. 8908. Department One. December 19, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK
PILEGGE, *Appellant*.[1]

CRIMINAL LAW—TRIAL—REOPENING CASE—DISCRETION. It is not an abuse of discretion to refuse the accused's request to reopen the case, where counsel for accused advisedly refused to offer any evidence and rested, and the witnesses for the state were excused and an adjournment taken until the next morning.

RAPE—FORCE—INTENT — EVIDENCE — SUFFICIENCY. There is sufficient evidence of an assault with intent to commit rape, without consent, with force sufficient to overcome resistance, where the assault was conceded and the attempt, force and resistance clearly shown by the evidence of the prosecutrix, and by her condition and bruises on her person immediately thereafter, the intent of the accused being for the jury as shown by his acts.

RAPE—ASSAULT AND INTENT — RESISTANCE — INSTRUCTIONS. In a prosecution for assault with intent to commit rape, by force, it is sufficient to instruct the jury that the act must have been by forcibly overcoming the resistance of the prosecutrix, without charging that she must have made all the resistance within her power.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered November 17, 1909, upon a trial and conviction of assault with intent to commit rape. Affirmed.

*Gallagher, Smith & Mack*, for appellant.

*Fred C. Pugh* and *Lucius G. Nash*, for respondent.

MOUNT, J.—The appellant was convicted of an assault with intent to commit the crime of rape. He appeals from the judgment pronounced thereon.

It appears that, after the state had introduced all its evidence and counsel for the appellant had called the appellant to the witness stand in his own behalf, the trial court requested counsel for the appellant to first make a statement of his defense to the jury. Counsel for the defense there-

[1]Reported in 112 Pac. 263.

upon declined to do so and, after a short consultation with the defendant, announced to the court that the defendant would rest his case and offer no testimony. This occurred in the afternoon, at about time for the usual adjournment. The trial court thereupon took a recess until the next morning. The witnesses for the state were excused from further attendance upon the court. The next morning counsel for the defendant requested permission to place the defendant upon the witness stand, to testify that he passed by the place where the crime was alleged to have been committed on the morning thereof, but did not stop. Counsel for the state objected to this, upon the ground that the case was finished the evening before; that he had excused his witnesses, and that one of his important witnesses whom he would need upon rebuttal had gone away and could not be had. Defendant's request was thereupon denied, and he argues now that the trial court abused its discretion in so ruling.

There are cases in which the courts have held that the fact that all the witnesses for one side have been excused after the case has been closed, is not sufficient ground for refusing a reopening. *Maddox v. State*, 68 Ga. 294. In *State v. Craemer*, 12 Wash. 217, 40 Pac. 944, this court said:

"If the record disclosed that there was in fact a person whose testimony could have been secured upon reasonable adjournment had, and that such testimony was material to appellant's case, we should not hesitate to say, considering the great importance of the issue, that the refusal of the court to grant a reasonable continuance would be error; . . ."

Those were cases, of course, where diligence had been used, and where defendant did not know of and could not call the witnesses in the regular and orderly conduct of the trial. In this case, however, no such condition arises. Here counsel for the defense had all of his witnesses, and he knew what the testimony would be on the evening before when he refused to offer any evidence. He did so advisedly. But after the state had excused its witnesses, he changed his mind and concluded

that he would offer the evidence stated. It was clearly within the discretion of the court at that time, under the circumstances stated, to refuse the request, and we think the denial was not such an abuse of discretion as would justify a reversal of the case.

Appellant next argues that the evidence is insufficient to sustain the verdict of the jury, because it was necessary for the state to show; (1) an assault; (2) an intention to have carnal knowledge of the prosecuting witness against her will; (3) without her consent; (4) with force; and (5) to overcome by such force as was necessary all resistance the . prosecuting witness could make; and that none of these elements were shown except the assault. Conceding that all these elements are necessary to be shown, there is abundant evidence of each fact stated. The assault is conceded. The intention of the appellant in making the assault is shown by his acts, and it was for the jury to say what his intentions were. The evidence shows that the prosecuting witness lived in the country, about a mile distant from an interurban railway station; that this was a small waiting station for passengers, open on one side, with no one in charge; that on October 26, 1909, she walked from her home to the station, where she intended to take the train for Spokane; that she arrived at the station about 9:30 in the morning; that the train was due at about 9:39; that she was the only occupant of the station; that while she was there the appellant came up and made some remark to her about the time the train would be along; that while she was standing looking at the time card, he grabbed her and threw her to the floor and fell upon her; that she struggled and resisted the assault, but nevertheless he succeeded in holding her down and pulling her clothes up to her hips, and then discovered that she had on closed drawers, when he desisted, got up, and went away; that his trousers were unbuttoned. She testified that her hands were free a part of the time, and that she did not strike him or scratch him, and that she did not kick him. The wit-

ness Jamieson heard the scuffling and shouting, and came up
to the scene immediately thereafter and saw the appellant as
he went away. The train came along three or four minutes
later. Passengers on the train arrested the appellant. The
arms and back of the prosecuting witness were badly bruised,
she was bitten on the face, her hair was disheveled, and her
clothes were covered with dust from the floor.

After reading the evidence, no reasonable man can doubt
what the appellant's intention was when the assault was made.
All the elements above stated were either directly proved or
follow as a matter of course from the acts of the appellant.
Even if the prosecuting witness did not strike, scratch, and
kick her assailant, if she could have done so, there was ample
evidence to show that the assault was made by force, against
her will, and with intent to overcome all resistance. The
reason why he did not finally accomplish his purpose is evident.

It is also argued by the appellant that the court erred in
giving instructions to the jury. These instructions clearly
and concisely and fully covered the case. The appellant's
counsel is apparently sincere in arguing that the court should
have instructed the jury to the effect that, before a convic-
tion could be had, they must find that the accused intended
to overcome all resistance that the prosecuting witness could
make, *and that she must make all the resistance within her
power*. We shall therefore notice this contention briefly. The
court instructed the jury as follows:

"Such assault must have been committed by said Pilegge
upon said Laura Newlon with the intent at the time of making
same to feloniously commit an act of sexual intercourse with
said Laura Newlon, against her will and without her consent,
by forcibly overcoming her resistance."

This was the correct rule. It is stated in substance, and
the reasons therefor given, in *State v. Shields*, 45 Conn. 256,
as follows:

"The defendant requested the court to charge the jury
that to constitute the crime of rape it was necessary that the

prosecutrix should have manifested the utmost reluctance and should have made the utmost resistance. The court did not comply with this request, and the refusal to do so is made a ground for asking a new trial. While it may be expected in such cases from the nature of the crime that the utmost reluctance would be manifested, and the utmost resistance made which the circumstances of a particular case would allow, still, to hold as matter of law that such manifestation and resistance are essential to the existence of the crime, so that the crime could not be committed if they were wanting, would be going farther than any well-considered case in criminal law has hitherto gone. Such manifestation and resistance may have been prevented by terror caused by threats of instant death, or by the exhibition of brutal force which made resistance utterly useless; and other causes may have prevented such extreme opposition and resistance as the request makes essential. The importance of resistance is simply to show two elements in the crime—carnal knowledge by force by one of the parties, and non-consent thereto by the other. These are essential elements, and the jury must be fully satisfied of their existence in every case by the resistance of the complainant, if she had the use of her faculties and physical powers at the time, and was not prevented by terror or the exhibition of brutal force. So far resistance by the complainant is important and necessary; but to make the crime hinge on the uttermost exertion the woman was physically capable of making, would be a reproach to the law as well as to common sense. Such a test it would be exceedingly difficult, if not impossible, to apply in a given case. A complainant may have exerted herself to the uttermost limit of her strength, and may have continued to do so till the crime was consummated. Still, a jury, sitting coolly in deliberation upon the transaction, could not possibly determine whether or not the limit of her strength had been reached. They could never ascertain to any degree of certainty what effect the excitement and terror may have had upon her physical system."

This reasoning is sound and disposes of the contention that the complaining witness must make all the resistance within her power.

There is no merit in any of the other assignments of error. The judgment must therefore be affirmed.

RUDKIN, C. J., PARKER, FULLERTON, and GOSE, JJ., concur.