230 P.2d 216

**STATE v. BRADLEY.**

No. 1008.

Supreme Court of Arizona.

April 16, 1951.

Rehearing Denied April 30, 1951.

V. L. Hash and Virginia Hash, of Phoenix, for appellant.

Fred O. Wilson, Atty. Gen., Maurice Barth, Charles Rogers, Asst. Attys. Gen., for appellee.

UDALL, Chief Justice.

Appellant, Thomas D. Bradley, hereafter called defendant, was charged by information with the crime of rape, a felony, alleged to have been accomplished by force and violence upon the person of (name omitted), hereafter called prosecutrix. He was tried before a jury which found him guilty. After denial of his motion for a new trial, judgment was entered and a sentence of five to seven years in the state penitentiary was imposed. This appeal followed.

There are some ten assignments of error that can be readily grouped as follows, viz.: (a) sufficiency of evidence to support the verdict, (b) error in court's instructions to the jury, (c) evidentiary matters, and (d) form of verdict used. These assignments will be treated in that order.

Sufficiency of Evidence to Support Verdict

At the trial defendant, a 28 year old married man, took the stand in his own behalf and admitted the act of sexual intercourse. He claimed however, that it occurred with the consent of the prosecutrix. Since under an assignment of this nature each case must be decided upon its own facts, we do not think it necessary to detail the evidence. It would have no value as a precedent and would merely encumber the reports with a quantity of salacious matter. The prosecutrix, a 20 year old unmarried girl, who had met defendant for the first time that same evening, testified that the sexual act was accomplished against her utmost resistance.

Construing the evidence in the light most favorable to sustaining the verdict, the evidence adduced by the State discloses that the act occurred on the desert away from human habitation, hence it would have been useless for the prosecutrix to call for help. The prosecutrix testified that defendant who was partially intoxicated, after refusing to take her home when repeatedly requested to do so, twisted her arm and threatened to break it if she did not sub-

mit to him. While the two were struggling, defendant stated, "I am going to have you tonight if I have to knock you out and beat you up to do it." According to her testimony she "was scared of him, afraid he would kill me." She testified also that he forced her back into the car several times when she tried to escape and walk the 15 miles back home, and that finally she became "practically exhausted", although she resisted his advances to the limit of her strength until finally overcome by sheer physical force. Other facts, later referred to, such as her promptly reporting the assault to her sister and then to the officers, as well as the medical testimony and admissions by defendant to the county attorney, corroborated her testimony. While there is somewhat of a conflict in the evidence, the jury as triers of fact, evidently believed her testimony, and it is our opinion that the evidence amply sustains their verdict.

## Instructions

■ Defendant assigns as error. the action of the trial court in modifying a certain instruction pertaining to whether or not the act was against the will of the complaining witness. The defendant requested the court to instruct the jury that they must find "she did everything she could to prevent the said act" or find the defendant not guilty. The court modified this instruction by adding the qualifying words "under all the surrounding circumstances". Defendant complains that the modification of the instruction "authorized the jury to consider all the circumstances from the very beginning of the association as bearing upon the alleged assault * * * and tends to incriminate him, however innocent and inoffensive his conduct was at any time previous to the claimed assault." The answer to this illogical reasoning is that as a matter of law, the jury were entitled to consider all of the circumstances occurring that night prior to the alleged assault.

■ Defendant also complains of the rejection of his cautionary instruction which warned the jury of the danger which is afforded in cases of rape for the free play of malice and private vengeance. Defendant's authority for the requested instruction was People v. Benson, 6 Cal. 221, 65 Am.Dec. 506. Certain dictum in the case, which applied to a totally different set of circumstances than that related in the instant case, was paraphrased and warped to fit the ends of defendant, and as thus changed was offered to the trial court as an instruction upon the law governing the instant case. Not only was the lower court correct in rejecting the proffered instruction, but it would have been error for the court to have given it. Furthermore, in the instant case there was no evidence introduced during the course of the entire trial upon which the court could have properly predicated an instruction pertaining to malice and private vengeance.

■ It is true that the defendant was entitled to have the court give a cautionary instruction, but this was done. The following is the excellent instruction, requested by defendant, which was given by the court: "The Court instructs the jury that a charge such as that made against the defendant in this case is one which, generally speaking, is easily made, and once made is difficult to disprove, even if the defendant is innocent. From the nature of a case such as this, the complaining witness and the defendant usually are the only witnesses. Therefore I charge you that the law requires that you examine the testimony of the prosecuting witness with caution."

## Evidentiary Matters

■ Less than 12 hours after the alleged assault the defendant was arrested and brought to the court house where he was interrogated at length by the county attorney. A court reporter was present and took down the questions and answers. These stenographic notes were transcribed and at the trial, as a part of its case in chief, the State offered the transcript in evidence. This general offer was refused but the court did permit such questions and answers to be read to the jury as it determined were unobjectionable. Counsel now claims the court erred in overruling his objections to many of these extrajudicial statements. Certain of this evidence, it is claimed, was incompetent and prejudicial in that it tended to degrade the accused. We have carefully read all of the testimony complained of but do not consider it necessary to set same forth in detail as it would only unduly extend the opinion. The statements were freely and voluntarily made. The interrogation was actually in two parts, and the story defendant first told was different from that he shortly thereafter related when the county attorney rather pointedly remarked that he was not telling the truth. While it falls short of a confession of guilt many damaging admissions against interest are contained in the questions and answers admitted into evidence. We are of the opinion that the trial court did not err in the admission of this testimony nor did the prosecutor go outside legitimate bounds in his vigorous interrogation of defendant. See State v. Romo, 66 Ariz. 174, 185 P.2d 757, for the rule distinguishing between a confession and an admission against interest.

■ The defendant next assigns as error the court's denial of his motion to strike a statement made by the prosecutrix in her direct examination to the effect that the defendant had told her he had been divorced for six weeks. We see nothing prejudicial to defendant in the admission of this testimony, particularly since the defendant himself admitted that such a statement, though false in fact, was actually made to the prosecutrix. This evidence was merely a minute and inconsequential part of the conversation that oc-

curred during the evening. We quite agree with defense counsel's admission that the crime charged would be no greater or less if defendant were or were not divorced.

Defendant also contends that the court should not have permitted Dr. Robert L. Moore, a specialist in obstetrics and gynecology, to testify, over his objection, as to the condition of the genital organs of the prosecutrix on the morning after the offense occurred. The latter was taken to the doctor for a physical examination by a deputy sheriff at 6:30 a. m.—a few hours after the intercourse. The basis for defendant's assignment of error is that this. evidence was immaterial inasmuch as counsel for defendant, when the doctor was called as a witness, in open court before the jury, admitted that the act of intercourse took place, but claimed that it was by mutual consent. Defendant claims that the testimony of the doctor would not throw any light on whether or not the act of intercourse occurred without the prosecutrix' consent.

■ A careful reading of the doctor's testimony refutes this unsound contention and establishes beyond doubt that the doctor's testimony had a great deal of probative value. It substantiates the testimony of the prosecutrix that she was a virgin at the time the intercourse occurred and indicates the great unlikelihood of the prosecutrix having given her consent under such circumstances to defendant, a stranger she had just met. Among other matters the doctor testified: " * * * She was mentally disturbed, emotionally disturbed * * *. The hymeneal ring had been ruptured or lacerated very recently. There was slight bleeding. There was considerable fluid material in the vagina * * *. That she was a virgin prior." Further, a laboratory test of a specimen from the vagina showed "actively moving spermatozoa". This assignment is wholly without merit.

■ Finally, as to the evidentiary phase of the case, the defendant assigns error as to the court's refusal to permit him to introduce into evidence—for impeachment purposes—testimony given by the prosecutrix at the preliminary hearing. We have carefully examined the transcript on this point and consider the assignment to be without merit. The court did permit defense counsel to ask the prosecutrix if specific questions had not been asked her at the preliminary hearing and certain answers there given and she gave an affirmative answer. Counsel for the State objected that this testimony was not contradictory of the evidence she had just given and hence was not impeaching and the court sustained the objection. However no motion to strike was made hence these. questions and answers are a part of the record. The trial court then properly refused to encumber the record by permitting defense counsel to read the balance of the transcript to the jury to establish that as a part of her testimony

given at the preliminary hearing she did not explain why she had not yelled or screamed for help.

### Verdict

 The verdict submitted to and returned by the jury reads as follows: "We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find the defendant guilty of the crime of rape (compulsory) a felony, as charged in the Information." Defendant now contends that the inclusion of the word "compulsory" therein causes the form of verdict to conflict with the issues tried, i. e., that the verdict was not responsive to nor did it cover the offense charged in the information. While we cannot understand why the prosecutor used the word "compulsory" twice in the information, nor why the trial court permitted it to creep into the verdict—it had no place in either—still its inclusion could not have been misleading. According to standard dictionaries the word compulsory means "involuntary or forced" in contradistinction to voluntary. See Black's Law Dictionary (3rd ed.) and Webster's New International Dictionary (2d ed.). Furthermore, any possible doubt as to its meaning, as used in the instant case, was resolved when the court in its instructions stated: "The information charges the crime of rape, compulsory rape, *forcible* or compulsory rape and I will read the statutes of the State of Arizona insofar as applicable, defining the crime of rape (Pertinent provisions of the statute followed)." (Emphasis supplied.)

### Conclusion

A careful reading of the entire transcript shows that there could not be the slightest doubt that the jury properly found defendant guilty as charged. He received an eminently fair and impartial trial.

Judgment affirmed.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.