[No. 159-40803-1.   Division One.   June 15, 1970.]
Panel 1

THE STATE OF WASHINGTON, *Respondent,* v. RAYMOND LEE
MELLIS, *Appellant.*

*Asmundson, Rhea & Atwood* and *David E. Rhea,* for
appellant (appointed counsel for appeal).

*James P. Thompson, Prosecuting Attorney,* for respond-
ent.

SWANSON, J.—On a warm August evening in 1968, two
young women left their rooms in the Bellingham YWCA to
go for a walk. After proceeding a few blocks on one of
Bellingham's main thoroughfares, they encountered two
men, one tall, the other short. The men forced the girls at
gunpoint to enter their car. The girls' assailants drove them
to a secluded gravel pit area where, the prosecuting witness
testified, she was repeatedly ravished by the appellant Ray-
mond Mellis. The girls were then returned to town. Subse-
quently, Mellis was identified by both girls and charged

with rape. Judgment and sentence were entered pursuant to a jury verdict of guilty. Mellis appeals.

The appellant first assigns error to the conduct of the deputy prosecuting attorney in repeatedly identifying the appellant, in his opening statement, as the one who had raped the prosecuting witness. This assignment of error is neither meritorious nor accurate. The record reveals only this identifying reference to appellant Mellis in the prosecutor's opening statement:

> One of them went one way and the other went the other way on the sidewalk to walk around them, and when they got just kind of parallel to them, to these two fellows, the bigger one, *which is this fellow,* reached around with his left arm, I believe it was, and grabbed this [name omitted] around the neck, . . .

(Italics ours.)

Twice while making his opening statement the deputy prosecutor told the jury his statements were not evidence. Proof of appellant's conduct in grabbing one of the girls was admissible evidence, and it was proper to refer to it in the opening statement. Our Supreme Court, in *State v. Piche,* 71 Wn.2d 583, 585, 430 P.2d 522 (1967), said:

> Either party may, in the opening statement, refer to admissible evidence expected to be presented at the trial. *State v. Gellerman,* 42 Wn.2d 742, 259 P.2d 371 (1953).

Pointing to appellant Mellis as the bigger one of the two men, and the one who grabbed the prosecuting witness' companion, was only a statement describing what the testimony would prove. Such identifying reference to appellant Mellis added nothing to the identification which had previously been made by the court in introducing the parties.[1]

Further, no prejudice resulted because he was identified during the trial by, not only the prosecuting witness and her companion but also, two police witnesses, Sergeants

---

[1]The trial judge, in his opening remarks to the jury, properly and without objection, introduced and identified appellant Mellis by stating, "The defendant is represented by Mr. David Rhea, directly in front of me, and the defendant is seated to his left."

Geleynse and Harvey. See *State v. Swanson*, 73 Wn.2d 698, 440 P.2d 492 (1968).

■ Appellant's second assignment of error is directed to the trial court's refusal to give the following instruction:

> Upon a charge of rape, if consent appears, however reluctantly it may have been given, there can be no conviction, and consent may sometimes be inferred if there has been no outcry and no serious resistance.

This requested instruction was revised by the trial judge and added to the court's instruction 10. The revised language read as follows:

> However, if voluntary consent appears, however reluctantly it may have been given, there can be no conviction.

No error was assigned to the modified instruction, but appellant nevertheless excepted to the failure of the trial court to give his requested instruction in full. To instruct the jury that consent may be inferred from lack of outcry was unnecessary. Lack of outcry bears upon the credibility of the victim's testimony. Such evidence may be considered by the jury along with the futility of resistance or outcry if prevented by fear of immediate and great bodily harm. *State v. Baker*, 30 Wn.2d 601, 192 P.2d 839 (1948). *Accord, State v. Bridges*, 61 Wn.2d 625, 379 P.2d 715 (1963); *State v. Pitmon*, 61 Wn.2d 675, 379 P.2d 922 (1963). The effect of a lack of outcry, or a failure to resist the advances of the victim's assailant, are questions of fact to be taken into consideration by the jury in determining the reasonableness and believability of a witness' testimony. While each party is entitled to have his theory of the case set forth in the court's instructions, the trial judge gave a comprehensive instruction regarding the duty of the jury to judge the credibility of witnesses which we believe is sufficient.[2]

---

[2]Court's instruction 7: "You are the sole judges of the credibility of the witnesses and of what weight is to be given the testimony of each. In determining what credit is to be given any witness you may take into account his ability and opportunity to observe, his memory, his manner and appearance while testifying, any interest, bias or prejudice

■ Appellant also claims it was error to refuse his requested cautionary instruction:

A charge such as that made against the defendant in this case is one, which, generally speaking, is easily made, and once made, difficult to disprove even if the defendant is innocent. From the nature of a case such as this, the complaining witness and the defendant usually are the only witnesses. Therefore I charge you that the law requires that you examine the testimony of the prosecuting witness with caution.

Such a cautionary instruction as requested amounts to an open invitation to the jury to question the testimony of the complaining witness. The purpose of the constitutional prohibition[3] against a judge commenting on the evidence is to prevent the jury from being influenced by knowledge conveyed to it by the court. An instruction by the judge that implicitly or impliedly conveys to the jury the judge's personal opinion concerning the worth of defendant's testimony is a prejudicial comment upon the evidence. *State v. Lampshire*, 74 Wn.2d 888, 447 P.2d 727 (1968). Our research has revealed no authority in the state of Washington for such a special cautionary instruction, and appellant has furnished none. We believe the proposed instruction is pregnant with constitutional error. It was correctly refused.

JAMES, C. J., and FARRIS, J., concur.

he may have, and the reasonableness of his testimony considered in the light of all the evidence, and any other factors that bear on believability and weight."

[3]Const. art. 4, § 16; "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."