[No. 290-1.    Division One—Panel 1.    October 13, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY WAMPLER, *Appellant.*

*David H. Beitz*, for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney, Patricia G. Harber* and *Christopher Bell, Deputies*, for respondent.

SWANSON, J.—Larry Wampler was convicted of raping a Norwegian airline stewardess. Defendant Wampler and his two companions all testified that the prosecuting witness offered no resistance to their advances, made no outcry, and willingly consented to acts of sexual intercourse. The defendant's account of a bland and tranquil evening with a consensual relationship existing between the stewardess and

the defendant and his companions was sharply disputed by the prosecuting witness. She admitted visiting several First Avenue taverns with a young Danish airline steward who had arrived in Seattle that afternoon, but claims her harrowing experience began when she and her companion accepted Larry Wampler's offer to drive them back to the Olympic Hotel where the airline crew was staying. Instead of stopping at the hotel as was planned, she told of being transported at high speeds on the Seattle-Tacoma freeway to a wooded area near Renton where a struggle took place between herself, her escort, and her three assailants. Her companion described the struggle and testified how he eluded his abductors, leaped out of the moving car, escaped into the woods and ran to a nearby dwelling to call the police. The prosecuting witness related in graphic detail the brutality and animal lust displayed by her assailants, so that if her testimony is to be believed this statement from *State v. Goebel*, 36 Wn.2d 367, 380, 218 P.2d 300 (1950), fits the defendant, "[T]o describe him as a beast is to libel the entire animal kingdom."

When the prosecuting witness was finally released, the police found her with blood on both knees as well as on her clothing and face. A subsequent medical examination revealed a fractured nose together with numerous abrasions and contusions about her body.

■ The only issue raised on this appeal is whether or not the trial court erred in refusing to give defendant's proposed instruction 6 which states:

> An act of rape occurs only if sexual intercourse is committed against the complaining female against her will and without her consent. If consent appears, however reluctant it may be, there can be no conviction, and consent may sometimes be inferred if there has been no outcry and no serious resistance.

Defendant argues that "consent" was the primary issue in the case and that without requested instruction 6 "consent" was not adequately defined for the jury. Defendant says the instruction requested was necessary to inform the jury

that they should not rely on the victim's subjective statement that the acts took place without her consent, but should look to the objective signs of lack of consent in determining whether it was voluntarily given. There is no merit to this contention. The court instructed the jury that in order to convict, the state has the burden of showing to the jury beyond a reasonable doubt that the resistance of the prosecuting witness was either forcibly overcome or prevented by fear of bodily harm. In addition, instruction 4 fully advised the jury regarding objective conduct of the female person. It stated in part as follows:

> The nature and extent of the resistance necessary to give the act the character of forcible rape depend upon the surrounding circumstances.
>
> The conduct of the female person need only be such as to make non-consent and actual resistance reasonably manifest. The resistance must be proportioned to the outrage and must be judged in the light of all the accompanying facts, such as the relative strength of the parties, the age and condition of the female person, the uselessness of resistance as it would appear to her, and the degree of force manifested. She need not resist until either strength or consciousness is gone; her resistance need continue only until it becomes so apparently useless as to warrant its cessation.

Our decision is *State v. Mellis*, 2 Wn. App. 859, 470 P.2d 558 (1970), where we upheld the trial court's refusal to give an instruction almost identical to the instruction requested here, is decisive against the defendant's contention. We said in *Mellis*, 2 Wn. App. at 861:

> To instruct the jury that consent may be inferred from lack of outcry was unnecessary. Lack of outcry bears upon the credibility of the victim's testimony. Such evidence may be considered by the jury along with the futility of resistance or outcry if prevented by fear of immediate and great bodily harm. [Citations omitted.] The effect of a lack of outcry, or a failure to resist the advances of the victim's assailant, are questions of fact to be taken into consideration by the jury in determining the reasonableness and believability of a witness' testimony.

The requested instruction was properly refused. The instructions given were sufficient to enable the defendant to argue his theory of the case.

Judgment affirmed.

JAMES, C. J., and FARRIS, J., concur.