[No. 391-41603-2.   Division Two.   April 26, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. GERALD WILDER, *Appellant.*

*John M. Wolfe* and *James J. Solan,* for appellant (appointed counsel for appeal).

*L. Edward Brown, Prosecuting Attorney,* and *John L. Farra, Deputy,* for respondent.

PETRIE, C.J.—On Saturday, January 25, 1970, the complaining witness in this carnal knowledge case was visiting with her girl friend in Hoquiam. That evening she accompanied her friend on a baby-sitting job where they were later joined by several boys. At approximately 2 a.m., she

left, apparently intending to return to her girl friend's home. The only evidence of subsequent events is the uncorroborated testimony of the complaining witness.

The essential points in her testimony may be summarized as follows: While walking, she was offered, and freely accepted, a ride from a man who identified himself as Gerald Wilder of 500 Hanna Avenue. She accepted a bottle of beer from him. He assured her that he would drive her to her home in Ocean Shores, 25 miles away, but explained that he would first have to stop by his home to pick up his checkbook. He parked the car in the garage at 500 Hanna Avenue and she willingly entered the house in order to use the bathroom facilities. She soon became nervous and attempted to leave but he prevented her departure and forced her to have sexual intercourse with him. This occurred at approximately 3:30 a.m. Fearing violence, she made no further attempt to leave and at 10 a.m., he drove her to her girl friend's home in Hoquiam. The complaining witness was 16 years old, 5 feet 9 inches tall and weighed 170 pounds. Gerald Wilder was later arrested and charged with kidnapping in the first degree and carnal knowledge. At trial, the jury found him innocent of kidnapping but guilty of carnal knowledge. He appeals.

■ The appellant first assigns error to the court's denial of his motion for a mistrial based on the prejudicial demeanor of the complaining witness while testifying. The rule is that the grant or denial of a motion for mistrial is a matter within the sound discretion of the trial court. *Anderson v. Dobro,* 63 Wn.2d 923, 389 P.2d 885 (1964). It appears from the record that the complaining witness at times sobbed uncontrollably while testifying on direct examination. The appellant claims that this behavior so aroused the sympathy of the jurors that they were unable to deliberate impartially on the question of his guilt or innocence, in short, that he was denied a fair trial. In determining whether or not this was true, it must be recognized that the trial court had the distinct advantage of observing the behavior of the complaining witness, and the

visible reaction, if any, of the jurors. We have only the allegation of prejudice and the cold record.

Occasionally, certain events at trial are of such a markedly irregular nature that the record graphically reflects the appellant was denied due process. Such was the result in *State v. Swenson*, 62 Wn.2d 259, 382 P.2d 614 (1963), where the court ordered a new trial for the appellant in a first-degree murder case. In that case the record reflected that the state's key witness was visibly pregnant, that she was physically and emotionally unable to submit to continuous cross-examination vital to appellant's defense, that the court had demonstrated an understandable concern for the condition of the witness and that there had been emotional outbursts by spectators regarding appellant's attempts to cross-examine her. The court held the cumulative effect of these incidents constituted a denial of due process. By comparison, the conduct in the present case consisted of intermittent crying by the witness on direct examination. Having carefully reviewed the record, we believe the denial of appellant's motion for mistrial was not an abuse of the trial court's discretion.

■ Next, appellant contends that the court as a matter of law should have dismissed the charge of kidnapping in the first degree, and that the court erred in giving instructions on that charge. Count 1 of the amended information read:

That on or about the 25th day of January, 1970, in Grays Harbor County, State of Washington, the defendant, GERALD WILDER, then and there being did then and there wilfully and unlawfully and feloniously, seize and confine another, to-wit: [complaining witness], with intent to cause the said [complaining witness], without authority of law, to be secretly confined or imprisoned with intent to extort a reward for her release or disposition.[1]

---

[1]The basic charge of kidnapping in the first degree does not require an intent to extort money or reward for release or disposition; unlawful imprisonment is sufficient. *State v. Berry*, 200 Wash. 495, 93 P.2d 782 (1939). But because intent to extort a reward was charged herein,

It is clear from the record that the "reward" referred to in the information was sexual intercourse with the complaining witness. Essentially, appellant argues that the word *reward* as used in RCW 9.52.010 includes only objects of pecuniary value, and not mental or emotional satisfaction.[2] While this is a most interesting question, we do not believe this case is an appropriate vehicle for an answer. Assuming for the sake of argument that it was error as a matter of law to send this charge to the jury, it can only be said to have been harmless because the jury acquitted him on that charge. Appellant's contention that sending this charge, with the charge of carnal knowledge, to the jury, resulted in a compromise verdict is purely speculative, and therefore, unfounded.

As for the court's refusal to give the special cautionary instruction requested by appellant,[3] we approved a trial court's refusal to give a similar instruction in *State v. Mellis*, 2 Wn. App. 859, 470 P.2d 558 (1970), believing it to be a prejudicial comment upon the evidence and therefore

it was an element to be proved.

However, considerable restraint should be observed in utilizing this simple charge when the circumstances are such that it is difficult to determine whether there is both a kidnapping and an additional but separate crime or whether the kidnapping (detaining or confining) is only incidental to the commission of another crime. In the latter instance, kidnapping would not be a proper charge. *See People v. Levy,* 15 N.Y.2d 159, 204 N.E.2d 842, 256 N.Y.S.2d 793 (1965).

[2]*See State v. Berry,* 200 Wash. 495, 93 P.2d 782 (1939) in which it seems the concurring judge and the four dissenting judges specifically rejected the idea that "reward" as used in the kidnapping statute, included mental or emotional satisfaction.

[3]The proposed instruction read as follows:

"Charges such as those made against the defendant in this case are two, which, generally speaking, are easily made, and once made, difficult to disprove even if the defendant is innocent. From the nature of a case such as this, the complaining witness and the defendant usually are the only witnesses. Therefore, I charge you that the law requires that you examine the testimony of the prosecuting witness with caution.

"However, the fact that the charges here made are too difficult to disprove should not deter you from rendering a verdict of guilty if you are convinced beyond a reasonable doubt that the defendant is guilty as charged."

constitutionally erroneous. The proposed instruction herein was properly refused for the same reasons.

The final assignment of error deals with the court's refusal to allow the appellant to elicit certain testimony on cross-examination of the mother of the complaining witness. In his offer of proof, appellant indicated that the mother would testify that she and a juvenile officer had discussed the necessary steps for confining the complaining witness to an institution for juveniles on December 5, 1969, and that she had informed her daughter that such action would be taken in the event of further misbehavior. The court ruled this testimony could not be elicited on cross-examination of the mother, indicating that the complaining witness was the one who could probably testify to her own state of mind.

In considering this issue, we note that appellant did produce testimony that the complaining witness had expressed a fear that she was pregnant shortly before the alleged incident and that she had stayed in Hoquiam on the night in question when she was supposed to have met her father to ride home with him. In light of these facts, the testimony offered and refused would have presented the jury with a credible motive for fabrication. Appellant characterizes this offered testimony as an attempt to show the bias[4] of the complaining witness and therefore, contends that this testimony should have been allowed as a matter of right.

It is fundamental that a defendant charged with the commission of a crime should be given great latitude in the cross-examination of prosecuting witnesses to show motive or credibility, *State v. Tate,* 2 Wn. App. 241, 469 P.2d 999 (1970), especially in prosecutions for sex crimes, *State v. Peterson,* 2 Wn. App. 464, 469 P.2d 980 (1970). In some jurisdictions, this general rule appears to be subject to a limitation that proof of bias by extrinsic evidence must be predicated upon laying a proper foundation by cross-examination of the party whose bias or state of mind is being

---

[4] We would characterize the offer as an attempt to show corruption, but the distinction is neither clear nor necessary.

subjected to scrutiny. This jurisdiction appears to follow such a limitation when the attempt to demonstrate bias is through use of a prior inconsistent statement. *State v. Harmon,* 21 Wn.2d 581, 152 P.2d 314 (1944). The reason usually assigned to the necessity for laying a proper foundation is that the witness should first be given an opportunity either to demonstrate his bias or to deny having uttered the prior inconsistent statement. *Mojas v. McNutt,* 40 Wn.2d 61, 240 P.2d 928 (1952).

In the case at bar, the appellant sought to demonstrate the state of mind of the daughter through cross-examination of the mother, without having first[5] pursued the matter with the daughter. We see no reason to apply the Harmon limitation upon the right to pursue bias of a witness to a case where the attempt to demonstrate such bias is through conduct of the allegedly biased witness or circumstances bearing upon his conduct. *See* 3A Wigmore, Evidence § 948 *et seq.* (Chadbourn rev. 1970); Annot., 87 A.L.R.2d 407 (1963); and *State v. Constantine,* 48 Wash. 218, 93 P. 317 (1908).

In a somewhat similar, but technically distinguishable case, we said:

> In the instant case, the questions put to the mother upon cross-examination attempted to elicit testimony to establish an inference that the prosecution was initiated by the complaining witness for reasons which would tend to establish his innocence. Failure to permit the defendant reasonably to pursue a valid theory constituted error which seriously jeopardized his defense to a heinous crime. The defendant should be granted an opportunity to pursue this defense on retrial of this matter.

*State v. Peterson, supra* at 467.

So, also, we believe, in this instance, appellant should have been permitted to explore the corruptive bias of the prosecuting witness, even though his attempt to do so was

---

[5] A preliminary attempt to lay a foundation was apparently abandoned by appellant.

asserted during cross-examination of the prosecuting witness' mother.

Judgment reversed and remanded for new trial.

PEARSON and ARMSTRONG, JJ., concur.

Petition for rehearing denied July 28, 1971.

Review denied by Supreme Court August 26, 1971.