531 P.2d 151

**STATE of Arizona, Appellee,**

v.

**Wayne Earl SETTLE, Appellant.**

**No. 2953.**

Supreme Court of Arizona, In Division.

Jan. 17, 1975.

Rehearing Denied Feb. 11, 1975.

Bruce E. Babbitt, Atty. Gen., by Stanley L. Patchell, Asst. Atty. Gen., Phoenix, for appellee.

Robert L. Storrs, Phoenix, for appellant.

HAYS, Justice.

The defendant was convicted by a jury of two counts of first degree rape and two counts of kidnapping. He was sentenced to terms of not less than 30 years nor more than life on each count of rape, and of not less than 5 years nor more than 10 years on each count of kidnapping, all sentences to run concurrently. From the judgment of conviction and sentences, he now appeals.

■ The first contention is that it was error for the court to have refused to allow defense counsel to question the prosecuting witness concerning her alleged prior unchaste acts. From the transcript of record before us, however, it is apparent that counsel misunderstood the court. The trial judge made it clear that he was sustaining the objection to the line of questioning at that time because the issue of consent had not yet been raised. The judge did not foreclose all questioning on the issue and, in fact, evidence of the prosecuting witness' prior acts was later brought out in other testimony.

The prosecution called Gerald Smith as a witness. Smith had previously pled guilty to charges arising out of the same incident. Counsel and the trial judge anticipated that Smith would seek to claim the Fifth Amendment privilege against self-incrimination. There being no reason for invoking the privilege in this situation, the trial court, in the presence of the jury, ordered Smith to testify. Smith refused and was dismissed. The defendant claims that it was reversible error for the prosecution to have called Smith as a witness, knowing he would refuse to testify.

■ It is not necessarily error to call a witness involved in the same offense with which the defendant is charged. State v. Cota, 102 Ariz. 416, 432 P.2d 428 (1967). We have cited with approval certain criteria from Fletcher v. United States, 118 U.S.App.D.C. 137, 332 F.2d 724 (1964), in State v. Skinner, 110 Ariz. 135, 515 P.2d 880 (1973). In *Fletcher,* a conviction was reversed because a witness' re-

fusal to testify added substantial weight to the Government's case in a manner not subject to cross-examination. The defendant was unfairly prejudiced thereby. In that case, the prosecution and court knew the witness would claim the Fifth Amendment privilege but, unlike this situation, could not be ordered to testify. Furthermore, the witness in *Fletcher* was a major link in the Government case and the prosecution's questions depicted the offense about which the witness refused to speak. In the instant case, Smith was a minor witness and the few questions asked of him in no way suggested the offense. There was no error.

■ In examining the defendant, it came out that Smith had pled guilty to a charge for which the defendant was also being tried. This was not a reversible error. The defendant volunteered this as unresponsive information to a proper question. No objection was made by defense counsel at that time, and it cannot now be first raised as error on appeal. State v. Holmes, 110 Ariz. 494, 520 P.2d 1118 (1974).

■ Testimony from the defendant and two additional witnesses suggested that the defendant had threatened Smith if he testified. It is relevant in a criminal case to show that the defendant sought to suppress evidence adversely affecting him and it is therefore admissible to offer proof of conduct indicating a consciousness of guilt such as threats against a witness. State v. Adair, 106 Ariz. 4, 469 P.2d 823 (1970). The trial judge committed no error in allowing testimony on that issue.

■ Defense counsel sought to have the jury given a cautionary instruction to the effect that in a rape case, the testimony of the prosecuting witness should be examined with particular care. This instruction was in accord with State v. Bradley, 72 Ariz. 16, 230 P.2d 216 (1951). The trial judge refused the instruction, but gave instruc-

tions concerning juror prejudice and sympathy, the credibility of witnesses, the presumption of innocence, and reasonable doubt. This was entirely proper.

■ It is the judge's duty to instruct the jury upon the law concerning the facts of the case and upon "matters vital to a proper consideration of the evidence." State v. Evans, 109 Ariz. 491, 493, 512 P.2d 1225, 1227 (1973). A cautionary instruction such as the one sought by the defendant is a suggestion to the jury to particularly question the testimony of the prosecuting witness and is a comment upon the weight of the evidence. Such an expression of personal opinion by the judge concerning the facts of the case is contrary to Article 6, section 27, of the Arizona Constitution, A.R.S. In this opinion, we are in accord with recent cases from the state of Washington interpreting an identical provision of their state constitution. State v. Wilder, 4 Wash.App. 850, 486 P.2d 319 (1971); State v. Wampler, 3 Wash.App. 378, 475 P.2d 316 (1970); State v. Mellis, 2 Wash.App. 859, 470 P.2d 558 (1970). State v. Bradley, *supra*, is hereby overruled to the extent that it deviates from this position.

■■ The defendant finally contends that the sentences imposed were so harsh as to constitute an abuse of discretion. The trial judge is the individual best able to evaluate the defendant and his circumstances and the sentences imposed by him will be upheld if within statutory limits unless a clear abuse of discretion appears. State v. Smith, 107 Ariz. 218, 484 P.2d 1049 (1971). We note that defendant had at least two prior felony convictions with one probation revocation. No abuse of discretion has been shown in this case.

The judgment of conviction and sentences are affirmed.

LOCKWOOD and HOLOHAN, JJ., concur.