[No. 2323–2.  Division Two.  August 23, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD ALAN WILLIAMS, *Appellant.*

*Ralph A. Alfieri* and *Alfieri & Pittle*, for appellant.

*C. Danny Clem, Prosecuting Attorney*, for respondent.

PETRIE, C.J.—The defendant, Donald Alan Williams, appeals from an order of the trial court denying his post–conviction motion for a new trial. By jury verdict he was convicted of the crimes of first–degree burglary and first–degree rape, in each count, while being armed with or in the possession of a deadly weapon, to wit: a knife with a blade in excess of 3 inches. His primary contention on appeal, as expressed in his major assignment of error, is that the trial court repeatedly erred by denying his pretrial, trial, and

post–trial motions to introduce evidence of "the complaining witness' drug selling activity, credibility, unchastity, divorce and marital history, [and] her history of bartering sexual favors, . . ." Additionally, he contends the trial court erred by refusing his proposed instruction on the issue of "consent." We affirm the convictions.

There is ample evidence to support the convictions. The defendant's own testimony indicates that on the night of November 11, 1975, after consuming one–half a pint of whiskey and one–half a case of beer, he went to the victim's residence accompanied by two other men to talk to the victim "[a]bout her butting her nose into my business." He "proceeded to get angry" at the victim, and when she said, "Don't hurt me," he removed his case knife (which had a blade 6 inches long) from its sheath and exclaimed to her, "Irene, if I wanted to do any harm, physically, I could do it." Shortly thereafter he and his two companions all engaged in oral and vaginal sex acts with the victim.

Needless to say, the victim contends the defendant applied a substantial amount of force. She testified she was sleeping on a couch "and when I woke up there was a shotgun at my head"; and that later, the defendant, with the blade open, held the knife "at my throat", forcing her to engage in the several sexual acts.

The defendant contends that he did not enter the victim's home with any intent to commit a crime therein and that neither he nor his companions forced the victim to engage in the several acts of intercourse. In support of this defense position, the defendant filed a motion for offer of proof, pursuant to the provisions of RCW 9.79.150, supported by affidavit of his counsel, seeking authorization to present evidence to prove "past sexual conduct of the complaining witness; her marital status; divorce history, promiscuity, sexual mores and habits."[1]

---

[1]RCW 9.79.150 provides in part:

"(2) Evidence of the victim's past sexual behavior including but not limited to the victim's marital history, divorce history, or general reputation for promiscuity, nonchastity, or sexual mores contrary to community standards is inadmissible on

When the matter came on for pretrial hearing, the court simply announced that "as the case unfolds," it would expect both counsel to make their records and "we'll rule as we go."

Subsequently, after trial commenced, the court clarified the pretrial ruling by asserting that counsel's affidavit was being treated as the evidence that would be elicited at a closed hearing which appears to be mandated by subsection (3)(c) of RCW 9.79.150. Thereafter, the court, having noted a statutory responsibility to determine whether the probative value of the proffered evidence "is substantially outweighed by the probability that its admission will create a substantial danger of undue prejudice . . ." ruled that such

the issue of credibility and is inadmissible to prove the victim's consent except as provided in subsection (3) of this section, but when the perpetrator and the victim have engaged in sexual intercourse with each other in the past, and when the past behavior is material to the issue of consent, evidence concerning the past behavior between the perpetrator and the victim may be admissible on the issue of consent to the offense.

"(3) In any prosecution for the crime of rape or for an attempt to commit, or an assault with an intent to commit any such crime evidence of the victim's past sexual behavior including but not limited to the victim's marital behavior, divorce history, or general reputation for promiscuity, nonchastity, or sexual mores contrary to community standards is not admissible if offered to attack the credibility of the victim and is admissible on the issue of consent only pursuant to the following procedure:

"(a) A written pretrial motion shall be made by the defendant to the court and prosecutor stating that the defense has an offer of proof of the relevancy of evidence of the past sexual behavior of the victim proposed to be presented and its relevancy on the issue of the consent of the victim.

"(b) The written motion shall be accompanied by an affidavit or affidavits in which the offer of proof shall be stated.

"(c) If the court finds that the offer of proof is sufficient, the court shall order a hearing out of the presence of the jury, if any, and the hearing shall be closed except to the necessary witnesses, the defendant, counsel, and those who have a direct interest in the case or in the work of the court.

"(d) At the conclusion of the hearing, if the court finds that the evidence proposed to be offered by the defendant regarding the past sexual behavior of the victim is relevant to the issue of the victim's consent; is not inadmissible because its probative value is substantially outweighed by the probability that its admission will create a substantial danger of undue prejudice; and that its exclusion would result in denial of substantial justice to the defendant; the court shall make an order stating what evidence may be introduced by the defendant, which order may include the nature of the questions to be permitted. The defendant may then offer evidence pursuant to the order of the court."

evidence would not be admitted unless the good moral character of the complaining witness was put in issue by the prosecution.

▓ No objection was registered by either party when the court failed to follow the literal mandate of the statute to "order a hearing," and *thereafter* to evaluate the evidence and rule on its admissibility. Upon appeal, for the first time, the defendant now asserts as error the court's failure to listen to the actual testimony of potential witnesses before ruling on the admissibility of their testimony. The better procedure is to order a closed hearing in accordance with the statute. However, we do not view the trial court's method of proceeding as a deprivation of a fundamental constitutional right to which the defendant was entitled. Accordingly, we do not consider this issue. *State v. Arndt,* 87 Wn.2d 374, 553 P.2d 1328 (1976).

▓ During trial the defendant attempted to amend his pretrial motion by moving for the addition of a witness who would testify that 3 days prior to the commission of these crimes, the complaining witness engaged in oral and vaginal acts of intercourse with this added witness. Defense counsel suggested that this new evidence could quite possibly, if not probably, explain the physical evidence previously elicited by the prosecution from a physician: that 2 days after the crime, the physician observed vaginal irritation as well as pinpoint hemorrhaging in the victim's mouth. When reminded that the physician indicated the medical findings suggested physical abuse of the victim and that the proffered evidence would have to include the use of force, counsel offered to prove that the sexual activity between the new witness and the complaining witness was "very vigorous."

As thus presented, the defense offer suggests a basis for admissibility other than to establish consent of the complaining witness or to impeach her credibility. The suggested reason for admissibility is to explain physical evidence elicited by the prosecution. We have only recently held that when a defendant denies any sexual contact with

the victim, and post-rape medical tests evidence recent sexual contact, a defendant should not be deprived of presenting highly relevant evidence of other recent sexual contacts of the victim which would tend to show that the test results are not necessarily inconsistent with his denial of sexual contact with the victim. *State v. Cosden,* 18 Wn. App. 213, 568 P.2d 802 (1977).

In the case at bench, the physician found evidence of bruising of the vagina and swelling of the labium to a degree not to be expected after normal intercourse. The physician also noted the victim's lips were swollen and detected pinpoint hemorrhaging in the lining of her mouth, all of which indicated physical abuse consistent with the history of three forcible acts of fellatio and three forcible acts of intercourse 2 days before the examination. No attempt was made, by cross-examination of the physician, to relate these findings to vigorous oral and vaginal sex activities 5 days before the examination; nor did the defense offer any independent medical evidence to correlate these physical findings to an event 5 days prior to the examination.

In any event, the defendant and his two companions testified that they did perform the several sex acts with the victim on November 11, the defendant denying only an actual penetration in his attempted performance of the normal sex act.

Evidence of sex acts performed on November 8, with no attempt to link them causally to subsequent physical evidence, would have no probative value toward explaining the physical findings of November 13 in the face of the acknowledged activity of November 11. We find no error in the trial court's ruling that the offered evidence was not relevant to any issue before the court.

During the course of another oral amendment to his pretrial written offer, defense counsel also alluded to proposed testimony by the victim's former landlady, who would testify the victim "had a general reputation for dishonesty

. . ." This specific offer was inserted in the midst of counsel's renewed effort to present evidence of the victim's prior sex activity. When counsel concluded his offer, the trial judge commented that the purpose of RCW 9.79.150 was "to protect a complaining witness against the very thing that I have ruled cannot be done," and declared that he would adhere to his prior ruling.

In view of the trial judge's comments, it is doubtful whether he ruled on the specific offer to present evidence of the victim's reputation for truth and honesty. The landlady had already been listed on the defendant's pretrial offer, and no preliminary offer of proof was necessary to impeach the prosecuting witness by evidence of her reputation for dishonesty. *See State v. Thomas,* 8 Wn.2d 573, 113 P.2d 73 (1941). The only necessary prerequisite was a foundation that the impeaching witness was competent to so testify. *State v. Crockett,* 161 Wash. 262, 296 P. 1041 (1931). That foundation was presented, and the landlady should have been permitted to testify; but we cannot find any reversible error from the state of the record before us.

The defendant filed a post–trial motion for new trial, attaching thereto a statement signed by a woman who detailed personal knowledge of several episodes of group sex activity in which the prosecuting witness allegedly displayed initiative and aggressive roles. The statement included a recitation that early in November 1975 this newly found witness, at the suggestion of the prosecuting witness, had solicited the defendant's attendance, together with some of his friends, at "one of these group sex deals" at the home of the prosecuting witness on the night of November 11, but the defendant had expressed no interest in such a party.

This motion, too, was properly denied for at least two reasons: (1) the defendant's knowledge of a "party" at the victim's home November 11 was neither "newly discovered" nor was it the reason to which he ascribed his visit to the victim's home; (2) the victim's prior sex activity, no matter how lascivious or bawdy it may be painted, is simply not

admissible for impeachment purposes, and is not admissible for purposes of proving "consent" unless the procedures outlined in RCW 9.79.150 have been followed and the court, after weighing it, concludes that the danger of injecting undue prejudice against the prosecuting witness created by its admission is overbalanced by its probative value toward proving the victim's consent.

We find no error in the trial court's denial of the motion for new trial. *See State v. Geer,* 13 Wn. App. 71, 533 P.2d 389 (1975).

Finally, we consider the defendant's contention that the jury was not fully instructed on the issue of "consent" because the trial court refused one of his proposed instructions. The proposed instruction does not properly state the law and has previously been specifically rejected in *State v. Mellis,* 2 Wn. App. 859, 470 P.2d 558 (1970). We find no error.

Judgment affirmed.

PEARSON and REED, JJ., concur.

Reconsideration denied September 27, 1977.