IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33208-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MICHAEL M. PHILLIPS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Michael Phillips appeals his rape conviction, arguing the State produced insufficient evidence of forcible compulsion. We affirm.

## FACTS[1]

While working as a prostitute, the victim, R.N., arranged to perform oral sex on Mr. Phillips. After R.N. demanded payment, Mr. Phillips reached into his coat pocket and pulled out a gun. He told R.N. to get him off or he would "put a bullet in [her] head." 2 Excerpt Verbatim Report of Proceedings (Dec. 17, 2014) at 195. R.N. then complied. She also submitted to vaginal sex and resumed oral sex when Mr. Phillips could not reach

---

[1] Because Mr. Phillips's challenge goes to the sufficiency of the evidence, we construe the facts in the light most favorable to the State. *State v. Salinas*, 119 Wn.2d 192, 201, 892 P.2d 1068 (1992).

No. 33208-0-III
*State v. Phillips*

full erection. After he was unable to ejaculate, Mr. Phillips allowed R.N. to leave. She then called police. Mr. Phillips was arrested a short time later. A realistic-looking B.B. gun was found on his person.

At trial on charges of first degree rape, Mr. Phillips testified he had consensual sex with R.N. He claimed she made the rape report in retaliation for being stiffed payment. He denied ever purposefully showing R.N. his B.B. gun. The jury found Mr. Phillips guilty. He appeals.

## ANALYSIS

Mr. Phillips argues the State produced insufficient evidence of forcible compulsion, a required element of first degree rape. RCW 9A.44.040. Consent necessarily negates the element of forcible compulsion. Thus, when a defendant produces sufficient evidence of consent, the State must prove lack of consent beyond a reasonable doubt. *State v. W.R.*, 181 Wn.2d 757, 770-71, 336 P.3d 1134 (2014).[2]

Assuming Mr. Phillips put on sufficient evidence to show consent, his argument fails. Mr. Phillips's case turned on witness credibility. The jury was entitled to believe

---

[2] The trial court instructed the jury on each element the State had to prove of the crime beyond a reasonable doubt, but the court did not include an instruction on consent. However, Mr. Phillips only challenges the sufficiency of the evidence. He does not argue instructional error.

2

No. 33208-0-III
*State v. Phillips*

R.N.'s testimony that Mr. Phillips threatened her with a gun and that she feared violence if she did not perform to his satisfaction. *See State v. Bright*, 129 Wn.2d 257, 265-68, 916 P.2d 922 (1996). Nothing further was required to show lack of consent. *State v. Thomas*, 9 Wn. App. 160, 163, 510 P.2d 1137 (1973).

## CONCLUSION

The judgment and sentence of the trial court is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____   _____
Lawrence-Berrey, A.C.J.           Korsmo, J.

3